A. H. ARTHUR, Clk., etc., *v.* ADAM & SPEED.

1. BOARD OF SUPERVISORS—POWER TO PAY ACCOUNTS.—The board of supervisors of Warren county, at the March term, 1871, ordered the payment of an account of $2,000.00, in favor of Adam & Speed for professional services, and at the April term, 1871, the board rescinded the order.  *Held:* That the order allowing the claim was a judgment, and valid until reversed by an appellate court.

2. SAME—SIGNING MINUTES.—The statute requires the reading and signing of the minutes of the board; this statute is merely directory, but it should be scrupulously observed, and the omission to do so, though it may indicate, perhaps, carelessness, if not incapacity, does not, however, affect the validity of the proceedings.

3. Same—Power to Employ Counsel.—The Code of 1857, art. 35, p. 420, gives power to the board, at their discretion, to employ counsel in all civil cases in which the county is interested, and to pay such counsel out of the county treasury; and art. 52, p. 419, enacts that "all demands and accounts against the county shall be audited and allowed, on due proof, in term time; and any account allowed by the board, in whole or in part, shall be filed and preserved by the clerk," etc.

Error to the circuit court of Warren county. Hon. Geo. F. Brown, Judge.

The appellees, Adam & Speed, filed their petition to the judge of the circuit court, praying for a writ of *mandamus* against A. H. Arthur, clerk of the board of supervisors of Warren county, alleging that on the 20th day of March, 1871, the said board of supervisors allowed and ordered the payment of an account to petitioners, for $2,000.00, fee for services as counsel for said county in a tax suit in the chancery and supreme courts, and that the said Arthur, clerk, etc., refused to issue to petitioners the proper warrant on the county treasurer for the same.

Arthur sets up the fact that the board made the said order, allowing to petitioners the said sum of $2,000.00, but that the minutes of the meeting of the board was not read or signed, and that afterwards, to-wit: On the 20th day of April, 1871, the following order was made by the said board: " On motion of Mr. Alexander, the action of the board on the 20th of March, 1871, allowing the fee of $2,000.00 to Messrs. Adam & Speed, for legal services, is hereby rescinded;" that the board desired further testimony to sustain the said account; that it was allowed without due consideration; and that the same was exorbitant, and that the business for which the allowance had been made had not been completed, and that he was informed and believed that if he should issue the warrant under such circumstances, he would be guilty of a misdemeanor in office. Upon the hearing the court, upon motion, ordered a peremptory writ of *mandamus* from which judgment of the court below Arthur appeals to this court.

It is assigned for error, that " the court below erred in sus-

taining the motion of appellees for a peremptory *mandamus*."

*J. S. Morris*, attorney-general, for plaintiff in error :

Cited Code of 1871, §§ 1378, 1383, 1385 ; George's Digest, title Board of Police, 5, and cases there cited ; Code, § 1384.

*John W. Wood*, on the same side.

*W. & J. R. Yerger*, for appellees :

At a regular meeting of the board of supervisors of Warren county, held march 20, 1871, (the Monday preceding the circuit court in that county, *Vide* Rev. Code, 1857, art. 6, p. 415, and acts 1870, ch. 12, § 2, p. 81), the account of the appellees was allowed by the board, in the sum of $2,000.00, and a warrant ordered to be issued, payable out of the county funds. It is not pretended that *as a board*, said board of supervisors took any further action in this matter than the following ; At an irregular, called meeting of the board, held on the 20th day of April, 1871, it " reconsidered " its action in making the allowance at the previous meeting. It seems never to have been questioned in this State, that in acting upon and allowing a claim of this character, the board of supervisors acted judicially. Its judgment in this case was conclusive until reversed by appeal, and could not be set aside at a succeeding term of the court, even if that were a regular term. It could be attacked in the proper manner, like judgments of other courts, for fraud, etc., but nothing of this kind is pretended. We cite Yalobusha County v. Carbry, 3 S. & M., 546; Ross v. Lowe, ib., 713, in which the court say " we lay no stress on the order made at the February term, 1842, rescinding the first order. The judgment of a board of police, like that of any other competent tribunal, is final until reversed." Board of Police of Attala County v. Grant, 9 S. & M., 90 ; Carroll v. Board of Police, Tishomingo County, 28 Miss., 48 ; Beaman v. Board of Police, Leake County, 42 Miss., 245. The argu-

mentative and deprecatory return of the appellant professes to desire only the protection of a "higher authority" in a doubtful case; but as the writ of error shows that he was "aggrieved" at the peremptory mandate of the circuit court, we trust this court will relieve his scruples, by a mandate of a still "higher authority."

TARBELL, J., delivered the opinion of the court:

Divested of technical and superfluous language, this case is reduced to the following narrow limits: At a meeting of the board of supervisors of Warren county, March 20, 1871, supposed to have been in all respects, a legal and "regular" meeting, as provided by law, (Code of 1857, art. 6, p. 415, fixing the meeting of the board of police; laws of 1870, ch. 7, p. 66, designating the time of holding circuit court in Warren county; laws of 1870, ch. 12, p. 80, in relation to board of supervisors;) the sum of $2000.00, was allowed to Adam & Speed, for professional services rendered the county as attorneys at law. Calling upon the clerk of the supervisors for warrants upon this allowance, he promised those gentlemen to issue them, and thus the matter stood, when, at a casual and unofficial meeting, the members of the board informally instructed their clerk not to issue the warrants until the further action of the board.

At a meeting of the supervisiors, held April 20, 1871, whether an official and legal, or only a casual meeting, is not stated, the following resolution was adopted: "On motion of Mr. Alexander, the action of the board on the 20th of March, 1871, allowing the bill of $2000.00, to Messrs. Adam & Speed for legal services is hereby reconsidered."

No other action of the supervisors, with reference to the claim of Adam & Speed, than as above given, appear in the record, though it should be stated that the minutes of the meeting of March 20th, were not read and signed, as required by the Code, art. 14, p. 416, (1857.) Upon this state of facts, Adam & Speed prayed a *mandamus* against the clerk of the board

of supervisors for the issuance of the warrant, and this writ was made peremptory, whereupon the clerk prosecuted an appeal to this court. Presuming the meeting of April 20th, to have been legally held, as it doubtless was, the single question is presented for consideration, viz : What is the present legal status of the claim in controversy ?

It is now objected in argument, that in the writ and other proceedings, the technical language of the statute has not been employed, such as, that *judge* is used in lieu of *court* and *court room*, instead of *court house*. It is also objected for the first time, that the service of the first writ upon the clerk was not made the number of days prior to the hearing required by the Code. As to these objections, they were not made on the trial. The clerk appeared in response to process, and filed his answer to the writ. The case was heard upon its merits, and there is no complaint that the facts were not fully presented, nor that there was not, in all respects, a full, fair, and impartial consideration of the whole case.

Of the clerk of the board of supervisors, the Code requires that " he shall safely keep and preserve all records, books and papers pertaining to his office," and that " the minutes of each day shall be read over and signed by the president." Art. 14, p. 416, Code of 1857.

The clerk in his answer states that the minutes of the meeting at which the allowance in litigation was made, were not " read over and signed by the president." This neglect is a reflection upon the official character of the clerk and president, perhaps, but it involves neither approval nor disapproval of the acts of the board contained in the minutes. It indicates, perhaps, carelessness, if not incapacity, but does not affect the validity and legal effect of the acts of the board. Although the statute requiring the reading and signing, as stated, is directory only, it ought to be scrupulously observed. Its omission, however, does not invalidate the proceedings. Tate v. The State, MSS. Op.

With the amount of the allowance to Adam & Speed, this court has nothing whatever to do.

We are now prepared to dispose of the only question in the case, if, indeed, there is a serious question involved. Referring to the Code, it will be seen that this case is one with which this court ought never to have been troubled.

The jurisdiction of boards of police is defined by art. 16, p. 416, Code of 1857, concluding in these words: "And they shall have and exercise such further powers as are, or shall be, conferred upon them by law."

Art. 35, p. 420, authorizes these boards, " at their discretion, to employ counsel in all civil cases in which the county is interested," and " to pay such counsel out of the county treasury."

Art. 52, p. 419, enacts, that, "all demands and accounts against the county shall be audited and allowed, on due proof, in term time, and any account allowed by the board in whole or in part, shall be filed and preserved by the clerk, and numbered to correspond with the warrant to be issued therefor, and the order allowing such claim shall be entered on the minutes, specifying the name of the claimant, the amount allowed, and on what account, and the clerk shall issue a warrant on the county treasurer, under the seal of his office, in favor of the claimant, for the amount allowed."

By Art. 33, p. 419, it is provided, that, "Any person who may conceive himself aggrieved by any judgment or decision of the board of police, may appeal to the next term of the circuit court," which court shall proceed to hear and determine the case, as therein directed.

Counsel has argued at very great length, that the board of supervisors in making the allowance in question, and in reconsidering that action was acting as a legislative body and not as a court. This view is opposed to the plain letter of the Code, as it is also in conflict with a series of decisions by our predecessors, holding the allowance of an account or the audit of a claim, by a board of police, to be a judicial act which cannot be collaterally attacked, the only remedy of an aggrieved party being by appeal. 3 S. & M., 529: ib., 695; 9 ib., 77; 28 Miss., 38; 45 ib., 237. It was

held, in County of Yalobusha v. Carbry, 3 S. & M., 529; that the judgment of a board of police, like that of any other tribunal, is final until reversed. In that case a claim was wholly disallowed, and this was held to be conclusive until reversed on appeal. The case of Ross v. Lane, 3 S. & M., 695; involved the right of the board of police to *rescind* a former order. The court say: "We lay no stress upon the order made at the February term, 1842, rescinding the first order. The judgment of a board of police, like that of any other competent tribunal, is final until reversed."

And, citing the prior case of County of Yalobusha v. Carbry, its exact language is repeated. When the supervisors had made the allowance in the case at bar, their action was complete, and as to that transaction, their functions ceased. It then devolved upon their clerk to issue the warrants. He alone, was rightfully made defendant in this proceeding, because " the remedy must be sought against the person who is to do the duty." Board of Police of Attala County v. Grant, 9 S. & M., 77. In that case, the court, Chief Justice Sharkey delivering the opinion, say: "If the board has given judgment, it has nothing further to do in the matter. It can neither alter nor suspend its judgment." The claim had been allowed in that case, and referring to the petition, it is very significantly said, that "no application appears to have been made to the clerk for his warrants," in view of which, it is added: " the board has no further control over them." As to the conclusive character of the action of these boards in allowing and rejecting claims, this language is employed; " We recognize the board of police as a court for all the purposes connected with an adjudication on Grant's claim." The clerk and the tax-payers of Warren county, in the absence of an appeal from the allowance in this case, were placed in the attitude of a defendant, in a judgment by default in a competent court, when all the proceedings are regular. Bingham on Judg'ts., 1; 5 Pick., 323; 19 Wend., 60; 12 Peters, 412–527; 12 Ohio, 58.

It will.be remembered, that by the present constitution of the State, the designation of these boards is changed from police to supervisors, and that by the laws of 1870, ch. 12, p. 80, all laws in force relating to the former, not inconsistent with the new constitution, were made applicable to the latter. The Code of 1871, did not go into operation until October of that year. Its provisions, however, as far as the case at bar is concerned, are the same as in the Code of 1857.

The case under consideration is very plain, and if the county of Warren is in any way the sufferer, the responsibility is upon the board of supervisors.