## WILLIAMS v. STATE.

(Division B. June 7, 1937. Suggestion of Error Overruled September 20, 1937.)

[174 So. 581. No. 32507.]

**T. N. Gore** and **Boone & Thompson**, all of Marks, for appellants.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

424

Argued orally by **T. N. Gore**, for appellant, and by **Wm. H. Maynard**, for the State.

**Griffith, J.**, delivered the opinion of the court.

It is said that appellant was convicted at the August, 1936, term of the circuit court of Quitman county, but there is no authentic record before us of that fact or, indeed, that any such term of court was ever held at all.

The facts are that, by law, a term of the circuit court of that county is fixed to begin on the fourth Monday in August for eighteen days. Section 473, Code 1930. On the 15th day of August, 1936, the circuit judge addressed an order to the circuit clerk and sheriff of the county directing them to adjourn the August term of that year until the first Monday in September. On that day, to-wit, on the first Monday, the 7th of September, 1936, it is said that the court convened and proceeded with business, and it is said that on Thursday, September 10, 1936, the appellant was adjudged guilty of the crime of manslaughter and that a judgment was on said day rendered sentencing him to a term of five years in the state penitentiary. It is said that on Friday, September 11, 1936, after transacting considerable business, the court adjourned until Monday morning, September 14, 1936, and on Monday morning, September 14, 1936, the court is said to have convened and that the judge signed the minutes adjourning the court until court in course.

A transcript of the entire of the so-called minutes of the term was brought before us in this record, and therefrom as certified to us by the clerk, the circuit judge failed to sign any of the minutes until Monday morning, September 14, 1936. The so-called minutes for all previous days plainly and definitely show that the judge wholly failed to sign them. The term expired by operation of law at midnight September 12, 1936, from which it follows that when the judge for the first time undertook to sign the minutes on Monday, September 14, 1936, the court was then in vacation.

In Watson v. State, 166 Miss. 194, 210, 211, 146 So. 122, 126, it said: ''A writing or entry on a book provided for recording the minutes of the proceedings of the courts of this State does not become a part of the court's minutes until such tentative minutes are read and signed by the presiding judge.'' The court futher held that the provisions of section 750, Code 1930, requiring the min-

utes to be drawn up and thereupon corrected and signed by the judge before the adjournment of court is mandatory, and the court continued: ''In view of the mandatory provision of this statute, there is no right or authority in a presiding judge to sign the minutes of his court after the term has expired by operation of law and is in vacation.''

It is argued that appellant cannot raise this point for the first time on appeal; that he should have objected or raised the point in the trial court. The first difficulty with that argument is that it is not legally shown that any term of the trial court was held at all; and in the second place, the duty of the trial judge to sign the minutes within term time is a function which appertains to the general administration of his office, and is not one which a litigant is required to stand by and watch as to whether the duty has or has not been performed.

Reversed and remanded.