JACKSON *et al. v.* GORDON.

(Division B. Feb. 15, 1943. Suggestion of Error Overruled March 29, 1943.)

[11 So. (2d) 901. No. 35266.]

Hugh F. Causey, of Cleveland, for appellant, L. G. Jackson.

**Jno. T. Smith** and **W. D. Jones**, both of Cleveland, for appellant, G. H. Collins.

Breland & Lowrey and **Vincent J. Brocato**, all of Clarksdale, for appellee.

Argued orally by **Hugh F. Causey**, for appellant, and **Stovall Lowrey**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The spring term of the circuit court of the second district of Bolivar county is fixed by law as beginning on the first Monday in April, and to continue for twenty-four days. The legal term for the spring of 1942 began, therefore, on Monday, April 6, 1942, and continued until Saturday, May 2, 1942. The court convened for the said term at the appointed time, and continued in session throughout the four weeks. But the presiding judge did not sign the minutes day by day throughout the term, nor did he sign the minutes on the last day of the term.

On April 29, 1942, during the lawful term, the judge made and signed an order extending the term for a further week, or until May 9, but as already mentioned he did not sign the minutes covering said order. The court, nevertheless, continued in session to and throughout May 9, 1942, on which day the judge made and signed another order, further extending the term until May 23, 1942. The court continued in session until May 18, 1942, on which day the presiding judge for the first time signed the minutes.

The case now before us on this appeal was tried during the regular term, and on the minute book there is a final judgment said to have been rendered on April 17, 1942, but which has never been authenticated and made a legal judgment for the reason, already mentioned, that the judge did not sign the minutes during or on the last day of the term. And not having signed the minutes, the orders extending the term were of no validity, with the result that when the judge did sign on May 18, 1942, he did so at a time which in legal effect was in vacation.

The law governing such a situation is sufficiently announced in Watson v. State, 166 Miss. 194, 146 So. 122, and Williams v. State, 179 Miss. 419, 174 So. 581. Applying what was said in those cases to the facts presented by the present record, no final judgment, valid in law, has ever been entered in the case at bar, and it stands on the docket of the circuit court as a pending and untried case. From which it further follows that inasmuch as appeals to this court from the circuit court can be taken only from final judgments, Sec. 13, Code 1930, we are without jurisdiction save as hereinafter mentioned. Appeals are not matters of right, and are allowable only in cases provided by statute. When under the statute it is clear that no appeal will lie, jurisdiction thereof cannot be aided either by the consent or by the conduct of the parties—the statute itself must supply the right, else it does not exist.

Appellee argues that the action of the trial judge in signing the minutes at the end of an invalid extended term should be considered as a correction of the minutes nunc pro tunc, and as an authority which he should be allowed to exercise in vacation. This contention is definitely refuted in the Watson case, supra, wherein it was said: "In view of the mandatory provision of this statute [Sec. 750, Code 1930], there is no right or authority in a presiding judge to sign the minutes of his court after the term has expired by operation of law and is in vacation." [166 Miss. 194, 146 So. 126.]

The general rule is that when there is no final judgment in the record, the appeal will be dismissed, Gabbart & Co. v. Bauer (Miss.), 38 So. 548. In this record, however, there is an ostensible judgment, but which in law is no judgment at all; wherefore simply to dismiss the appeal would leave the apparent judgment still standing on the minute book, although unsigned, of the trial court. The appeal gives us jurisdiction to determine the question whether, upon the record before us, there is or is not a final judgment, and having determined that question in

the negative, the proper order here is a reversal and remand, so that the supposed judgment shall be vacated upon the record of the case.

Reversed and remanded.