PATTON *v.* STATE.

(Division A.  March 8, 1943.)

[12 So. (2d) 383.  No. 35127.]

John T. Smith and W. D. Jones, both of Cleveland, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Roberds, J., delivered the opinion of the court.

Appellant challenges the validity of the indictment and judgment under which he was convicted and sentenced

in this case for receiving stolen property. These proceedings are based upon this state of facts: The term of circuit court in Bolivar County, Second District, according to Chapter 227, Laws of 1940, began Monday, April 6th, and expired at midnight, Saturday, May 2, 1942. On April 29th the trial judge signed an order to extend the term from May 2nd to May 9th, and on May 9th he signed another order for a second extension from May 9th to May 23rd. The clerk copied these two orders on the minutes by typewriter, including the name of the trial judge thereto. But on May 18th, when the motion challenging the validity of the foregoing proceedings was being heard, the personal signature of the trial judge did not appear on the minutes—either from day to day or at the end of the regular term, or at the beginning or ending of the first extended term, or for the second extended term. His name appeared on the minutes only to the two orders extending the terms and was there typewritten by the clerk. On May 18th, when the motion was being heard, the trial judge announced he had not signed the minutes but was then going to do so, and there is a stipulation of counsel in the record agreeing that these are the facts.

The only difference in the facts of this case and those in Jackson et al. v. Gordon, 194 Miss. 268, 11 So. (2d) 901, is that the Jackson case was tried April 17th, during the regular term of this same court, and this case was tried May 5th, during the first extended term thereof. So far as the minutes are concerned the cases are exactly alike. The opinion in the Jackson case is controlling in this case. If this were a question of first impression, the Chief Justice and the writer would be very reluctant to assent to the rule announced in the Jackson case and in Watson v. State, 166 Miss. 194, 146 So. 122, and Williams v. State, 179 Miss. 419, 174 So. 581, cited in the Jackson case. But these cases are binding on us and under them the proceedings here challenged are invalid.

It will be noted that the facts of this case do not raise the question of the competency of evidence to attack the signed minutes of the court. When the question was here raised the minutes had never been signed; therefore, there was no effort to contradict the minutes, or go behind them, or to show that the judge had not in fact signed them, contrary to the face of the minutes. The trial judge had the unsigned minutes before him. The minutes themselves showed they had not been signed.

Reversed and remanded.