BRAND v. BOARD OF SUP'RS OF NEWTON COUNTY.

(In Banc. March 26, 1945. Suggestion of Error Overruled April 23, 1945.)

[21 So. (2d) 579. No. 35782.]

**W. D. Conn, Jr.,** of Jackson, for appellant.

**E. C. Fishel,** of Hattiesburg, and **C. E. Johnson,** of Union, for appellee.

Argued orally by **W. D. Conn, Jr.**, for appellant, and by **E. C. Fishel**, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

An election ordered by the Board of Supervisors of Newton County to determine whether the manufacture, sale, etc., of beer and wine in the county should be prohibited, resulted in an affirmative vote therefor, on which the board afterwards entered the necessary order prohibiting the manufacture, sale, etc., of beer and wine in the county. The record of the board on which this order was based was carried to the court below by a writ of certiorari, where the order of the board made pursuant to this election was affirmed.

Under Section 2877, Code 1942, the Board of Supervisors of Newton County had the right at its regular

meetings, other than those for transacting business under the revenue laws, to "sit for a period of not longer than six days in any one month" and to "recess from time to time, subject to the limitation herein provided, to convene on a day fixed by an order of the board entered on its minutes."

This record discloses that the board of supervisors of this county met in regular session on Monday, September 6, 1943, not being a meeting for the transaction of business under the revenue laws, adjourned to Tuesday, September 7th, and then to Wednesday, September 8th. On that day the board made an order adjourning to meet again on September 20th for the consideration of a petition then before it for the ordering of the election hereinbefore mentioned, and any other business that might then come before it. The board met on September 20th, ordered the election and "that the Board of Supervisors do now adjourn until the next regular meeting of the Board." A certified copy of the minutes of the board discloses that there is no signature of the President thereof to its minutes for September 6th, 7th and 8th, but that the minutes for September 20th were signed by him.

Section 2886, Code 1942, provides that "it shall be the duty of the clerk of the board of supervisors to keep and preserve a complete and correct record of all the proceedings and orders of the board. He shall enter on the minutes [etc.]. . . . The minutes of each day shall be read and signed by the president before the final adjournment of the board."

Counsel for the appellee say that the appellees' 20th of September meeting was not an adjourned meeting but one pursuant to a recess authorized by Section 2877, Code 1942, and that the September term of the board was finally adjourned when, but not until, the entering of the adjourning order on that day. Consequently, the President of the board was authorized to sign its minutes for the term at that meeting. Even if this be true, as to which we express no opinion, the statute requires the minutes

of each day to be signed by the President of the board, which statute, unlike former statutes on which the decisions of this Court cited by the appellee were made, is mandatory and not merely directory. Gardner v. Price, 197 Miss. 831, 21 So. (2d) 1. From this it necessarily follows that the September 8th minutes of the board designating Monday, September 20th, for its reconvening are ineffective and conferred on the board no power to reconvene on that day.

The judgment of the court below will be reversed and the order of the appellee prohibiting the manufacture, sale, etc., of beer and wine in Newton County will be set aside and held for naught.

So ordered.