PETTIS *et al. v.* BROWN *et al.*

(In Banc. February 23, 1948.)

[33 So. (2d) 809. No. 36676.]

**G. H. Merrell**, of Collins, for appellants.

**Hugh McIntosh,** of Collins, for appellees.

Argued orally by **Hugh McIntosh,** for appellees.

**Sydney Smith, C. J.,** delivered the opinion of the court.

This is a suit in equity by the appellants to cancel the claims of the appellees to the minerals in the land describ-

ed in the bill of complaint. Two grounds therefor are alleged: Under one of which the appellants claim title to all of the minerals in the land, and under the other to one-half thereof. A demurrer to this bill of complaint, styled a special demurrer but which was in fact a general demurrer, was sustained and an appeal granted to this Court.

Among other things, the bill of complaint alleges in substance that on October 5, 1927, the appellants executed a deed to E. D. Easterling to the land described in the bill of complaint and that on November 1, 1930, Easterling executed a warranty deed to them "to all oil, gas and minerals in said land." In 1932 the land was assessed for ad valorem taxes but the minerals therein were not separately assessed; the taxes on the land not being paid it was sold by the sheriff to the State for the taxes thereon in 1933. On September 1, 1936, R. L. Windham received a patent therefor from the State and on November 4, 1936, he executed a deed thereto to E. D. Easterling reserving one-half of all oil, gas and minerals in the land. On December 16, 1942, Easterling executed a deed to the land to Carl Brown, reciting therein that one-half of all oil, gas and minerals had been reserved by R. L. Windham.

The bill further alleges in substance that the sale of the land to the State for taxes did not carry with it the minerals therein for the reason that these minerals were owned by the appellants and should have been separately assessed. The Court below correctly held to the contrary in full accord with Stern v. Parker, 200 Miss. 27, 25 So. (2d) 787, and 27 So. (2d) 402.

The bill of complaint further alleged that the title acquired by Easterling from Windham to one-half of the minerals in the land inured to the benefit of the complainants because of the warranty deed which Easterling had executed to them in November 1930. This claim, by sustaining the demurer thereto, the Court below declined to allow.

The rule here invoked by the appellants is that "which precludes a party to a deed and his privies from asserting as against the other and his privies any right or title in derogation of the deed, or from denying the truth of any material fact asserted in it." 31 C. J. S., Estoppel, Sec. 10; Meyers v. American Oil Co., 192 Miss. 180, 5 So. (2d) 218; 2 Tiffany on real Property (2d Ed.), Section 545 et seq. The title which Easterling conveyed to the appellants by his deed to them on November 1, 1930, of the minerals in this land was perfect. This title the appellants lost by the sale of the land to the State for taxes and the claim of title thereto by Easterling under his deed from the State's grantee in no way derogates from or challenges the title formerly conveyed by him to the appellants. The case of Meyer v. American Oil Co., supra, was, on its facts, clearly within the rule here under consideration and the broad language therein relied on by the appellants must be so limited and must not be understood to mean that the grantor in a deed which conveyed a perfect title to the grantee is thereafter forever estopped from reacquiring the land after title thereto has passed from the grantee to others through no fault of the grantor. Tiffany on Real Property, supra, Section 545(d).

Affirmed and remanded.