WILLETTE *v.* STATE.

Jan. 18, 1954

No. 38905 49 Adv. S. 38 69 So. 2d 407

794

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant has filed a motion to vacate the judgment of the circuit court upon the ground that the minutes of the last day of the term were not signed by the circuit judge.

The record shows that the circuit court for the first district of Jones County convened at Ellisville on the second Monday in December 1952 which is the time fixed by law for the holding of that court, Section 1406, Code of 1942. Under that statute the court term is for a period of twelve days. Court was held on each day of the term and the minutes of each day were signed by the circuit judge through and including December 19th. The minutes for December 19th show the judgment of conviction of appellant as well as his sentence to life imprisonment in the state penitentiary, and these minutes were duly signed by the circuit judge. The minutes for December 20th show certain allowances for the expenses of the court term and also show an order overruling appellant's motion for a new trial, but the minutes for that day were not signed, and appellant contends that the failure of the circuit judge to sign the minutes of the last day of the term renders void and nugatory the proceedings for every day of the term.

In support of his contention appellant relies upon Watson v. State, 166 Miss. 194, 146 So. 122, and a number of other cases which have followed the rule therein announced. Those cases dealt with a term of court which was extended by the trial judge where the minutes containing the order of extension had not been signed until after the term had expired by operation of law, and this Court held that the act of the judge in signing the minutes after the end of the term was done in vacation, without authority of law, and that the term had consequently not been legally extended. In so holding we pointed out that

the statute authorizing the extension of a court term (now Section 1647, Code of 1942) specifically provides that the order of extension must be entered at a term "then in session." In the Watson case the Court said "the term of court ended at midnight of Saturday, March 5, 1932, and the trial of appellant during the following week was a nullity."

In Williams v. State, 179 Miss. 419, 174 So. 581, the Court said: "A transcript of the entire of the so-called minutes of the term was brought before us in this record, and therefrom as certified to us by the clerk, the circuit judge failed to sign any of the minutes until Monday morning, September 14, 1936. The so-called minutes for all previous days plainly and definitely show that the judge wholly failed to sign them. The term expired by operation of law at midnight, September 12, 1936, from which it follows that when the judge for the first time undertook to sign the minutes on Monday, September 14, 1936, the court was then in vacation."

In Jackson v. Gordon, 194 Miss. 268, 11 So. 2d 901, the case was tried during a regular term of court and a final judgment therein was entered on the minutes during the regular term, but the term expired by operation of law on May 2, 1942. Before expiration of the term an order was entered on the minutes extending the term, "but the presiding judge did not sign the minutes day by day throughout the term, nor did he sign the minutes on the last day of the term. . . . The court continued in session until May 18, 1942, on which day the presiding judge for the first time signed the minutes. . . . And not having signed the minutes, the orders extending the term were of no validity, with the result that when the judge did sign on May 18, 1942, he did so at a time which in legal effect was in vacation." On this state of facts, this Court held that, since the circuit judge did not sign the minutes of the regular term for any day of the

term until the term had expired by operation of law, there was no valid judgment.

In Grant v. State, 189 Miss. 341, 197 So. 826, it was said: "Thus, while it will be seen that the entry of the minutes each day by the clerk against the next sitting of the court is contemplated, and is to be commended as good practice, it is not made mandatory that they shall be signed until the last day of court. It is mandatory that the same shall be signed before the adjournment of the court."

The question which now confronts us, however, does not involve the extension of a term of court where none of the minutes were signed until the term had expired by operation of law. The regular term of the circuit court in the first district of Jones County expired by operation of law at midnight on December 20, 1952. All minutes except those for the last day were duly signed by the presiding judge, and we are asked to hold that those minutes which were signed are a nullity because the minutes of the last day of the term were not signed. ██ The statute contemplates that the minutes should be drawn up and signed from day to day throughout the term, but, as held in the Grant case, supra, there is a sufficient compliance with the statute if the minutes for all days of the term are signed on or before the last day of the term. The judgment of appellant's trial, conviction, and sentence, was entered on the minutes on December 19, 1952, and those minutes were duly signed by the trial judge. We hold that under the statute that judgment is not a nullity simply because the trial judge did not sign the minutes for the following day. Suppose, for instance, that the trial judge had become suddenly ill or had died on December 20, before signing the minutes for that day; would we be justified in holding that everything which he did during the term of court for the previous days of the term as evidenced by minutes duly signed by him are void and of no effect? We do not think so, nor do we

think that the legislature so intended. As was said in the Watson and Williams cases, supra, and in the other cases which follow those decisions, the term expired by operation of law, and we think that the term of court here in question likewise expired by operation of law at midnight on December 20, 1952, even though the judge did not sign the minutes for the last day of court, just as effectively as if the minutes for that day had been signed. The judgment of trial, conviction, and sentence of appellant are therefore not void because of failure of the trial judge to sign the minutes on the last day of court.

■■■ This brings us to the second question which it is now necessary for us to consider. Before the court term expired by operation of law, appellant filed a motion for a new trial. The unsigned minutes contain an order overruling that motion, but the record before us, including a certificate of the circuit judge, shows that on that day appellant's counsel stated to the court that he had some authorities which he wished the court to consider before passing upon the motion. He gave a list of those authorities to the judge and on the following Wednesday, December 23, after the court term had expired, the judge wrote a letter to appellant's counsel advising that he did not think the authorities submitted were applicable and further advising ''Therefore, I am this day entering an order overruling the motion for a new trial.'' It must be borne in mind that we are not here considering a case where the motion for a new trial was not filed until after adjournment of court, such as was involved in National Casualty Co., et al. v. Calhoun, 67 So. 2d 908, not yet reported in the State Reports. We are here dealing with a motion which was filed in term time but which was not passed upon before expiration of the term.

Section 1649, Code of 1942, provides, in part: ''If any court shall not be held at any term, or shall not continue to sit the whole term, or during the term shall not have heard and determined all matters standing for trial;

*then all suits and proceedings remaining undecided shall stand continued of course until the next term. . . .''*

In this case there was no order on the minutes of the court which provided for a vacation decision on the motion for a new trial. We think, therefore, that the motion, under the above statute, stood continued for decision until the next succeeding term of court. This view is fully supported by O'Bannon v. Greenville Commercial Body Co., 159 Miss. 68, 132 So. 87, and by Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787, in which latter case it was said: ''. . . where a motion for a new trial is not disposed of at one term of court, it is continued until the next term and remains to be acted upon by the court at a subsequent term.''

In view of the conclusions above stated, we do not reach a consideration of the case upon the merits because the lower court still has jurisdiction of it for the purpose of passing upon the motion for a new trial, and we have no jurisdiction to consider the merits of the case on appeal at this time. What we have said does not imply or mean that appellant is entitled to another trial of his case unless the trial judge should sustain the motion for a new trial. It simply means that we cannot consider the case on its merits until he has acted upon the motion. His action on the motion as reflected by the unsigned minutes is a nullity for which reason an order will here be entered holding that the appeal is premature and that the cause be remanded to the circuit court for final and legal action on the motion for a new trial. Jackson v. Gordon, 194 Miss. 268, 11 So. 2d 901.

 When the motion is considered by the lower court, the appellant should be present unless his presence is waived by his counsel. Odom v. State, 172 Miss. 687, 161 So. 141; Hamburg v. State, 203 Miss. 565, 35 So. 2d 324; Sims v. State, 209 Miss. 545, 47 So. 2d 849; Section 2519, Code of 1942.

The motion to vacate the judgment will be sustained in part and insofar only as it involves the order of the lower court entered on the unsigned minutes of December 20, 1952, overruling the motion for a new trial, and the cause will be remanded to the lower court for consideration of that motion and for entry of a proper order thereon.

Motion sustained in part and cause remanded.

All the Justices concur.