Wilson, et al. *v.* Eckles, et al.

No. 40634 January 20, 1958 99 So. 2d 847

*W. W. Dent,* Collins, for appellants.

*Luther D. Pittman,* Raleigh; *Martin W. Gerald,* Jackson, for appellee.

ETHRIDGE, J.

Appellants R. W. Wilson and W. W. Dent brought this suit in the Chancery Court of Smith County against G. R. Eckles, Earl R. Wilson and the California Company, seeking to remove clouds asserted by appellees to the minerals in and under certain lands in Smith County. The defendants filed answers and cross bills praying cancellation of complainants' claims to the minerals. The final decree dismissed the bill, and granted appellees relief on their cross bills.

Appellants claim under a tax sale dated September 18, 1933, made by the tax collector of Smith County to the State for delinquent 1932 taxes. At the time of the tax sale Robert Ralston was the owner of the land and minerals, having acquired the same on July 20, 1932.

On July 31, 1941, Ralston conveyed the surface of the land to W. B. Crumpton, reserving and excepting to himself all oil, gas and other minerals. Also in 1941 Ralston conveyed the minerals to C. H. Loper, who in 1950 conveyed the same to appellee Eckles.

Appellants' chain of title, stemming from the 1933 tax sale to the State, is further evidenced by a forfeited tax land patent from the State to R. W. Wilson on September 17, 1943. In 1951 R. W. Wilson conveyed the surface of the land to W. N. Walters, reserving all of the minerals, and subsequently R. W. Wilson conveyed to appellant W. W. Dent a 5/46ths mineral interest, or 5 mineral acres.

 Hence the controversy centers around the validity of the tax sale to the State of September 18, 1933. It is undisputed that the minutes of the board of supervisors, at the July 1932 term, during which the board equalized the assessment rolls, were not approved and signed by the president of the board, as required by Code of 1942, Section 2886. The adjourning minutes were signed by the chancery clerk instead. It is well established that the statutory requirement for the president of the board to sign the minutes before final adjournment of the term is mandatory, where the board is equalizing assessment rolls, which can only be initiated at the July meeting: and that such tax matters required by law to be transacted only at the July meeting could not be ratified by signing or approving the July minutes at the August meeting. Gardner v. Price, 197 Miss. 831, 21 So. 2d 1 (1945); Merchants and Manufacturers Bank v. State, 200 Miss. 291, 25 So. 2d 585 (1946); Parks v. Simmons, 52 So. 2d 14 (Miss. 1951). For that reason

the assessment of these lands for 1932, on which the 1933 tax sale was based, was void, and therefore the 1933 tax sale to the State was invalid.

In 1941 Ralston conveyed the surface of the land to Crumpton, reserving and excepting in himself the mineral estate. Since that date the minerals have remained severed and separate from the surface estate. Appellant R. W. Wilson contends that adverse possession of the surface by himself and his successors in title since 1948 vested title to the minerals as well as the surface in him and his successors by such adverse possession, under Code of 1942, Section 717. However, possession of the surface under color of title gives no adverse possessory title of antecedently separated minerals, in the absence of actual possession of the minerals by drilling wells and taking possession of them, which did not occur in this case. White v. Merchants & Planters Bank, 90 So. 2d 11 (Miss. 1956).

The case of Wilson v. Martin, 204 Miss. 196, 37 So. 2d 254 (1948), is not res judicata of the issues in this case. There is no identity in the cause of action, or in the parties, between the earlier case and the present one. Appellees Eckles and the California Company were not parties to the earlier suit, and it did not involve the question of validity of the tax sale.

Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Arrington, JJ.,* concur.