POLK *v.* STATE

No. 42513 October 7, 1963 156 So. 2d 592

*Laurel G. Weir,* Philadelphia; *Harold Davidson, A. M. Warwick, Joe Barnett,* Carthage, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

■■■ Harry Polk, appellant, was convicted in the Circuit Court of Leake County of assault with intent to rape a twelve-year-old girl of previous chaste character. Miss. Code 1942, Rec., § 2361. The jury fixed his sentence at seven years in the state penitentiary. The evidence amply warranted the conviction. Testimony of the prosecutrix was supported by Polk's oral confession to the sheriff, and in substantial part by his own testimony.

■■■ The state's instruction on the form of verdict, if the jury found defendant guilty, said, "The form of your verdict may be: 'We the jury find the defendant guilty as charged and fix his punishment at imprisonment in the state penitentiary for————years.'" Proceedings in the circuit court for correction of the record showed that this instruction contained the blank space before it was given to the jury; that sometime during the jury's deliberations, one of the jurors inserted in pencil in the blank space the figure "7"; but that it was not there when delivered to the jury. The verdict was on a separate sheet of paper. Under these circumstances, appellant's assertion that this instruction was error has no merit. ■■■ Although the transcript of record from the circuit court to the Supreme Court had already been filed here, the trial court had authority

to order a correction of the record at any time before submission of the case to this Court. Butler v. State, 217 Miss. 750, 753-755, 65 So. 2d 244 (1953). ██ █ The three-day notice given to appellant's counsel, prior to the hearing, of the petition to correct the instruction was an adequate compliance with due process. Miss. Code 1942, Rec., § 8681 (notice to attorney); 5 Am. Jur., Attorneys at Law, § 90; cf. Code § 1670 (civil cases). This proceeding was confined solely to determining the form in which the instruction was given to the jury.

Polk has filed a motion to remand this case to the circuit court. Although the record reflects his motion for a new trial, it does not show that an order was entered overruling it. So he argues it is still pending in the trial court. Polk's assignment of errors and brief on the merits filed before the motion to remand, asserted that the trial court erred in overruling his motion for a new trial, and are inconsistent with his motion to remand. The case was tried on April 13, 1962, and verdict, judgment and sentence was rendered on that day. On the next day defendant filed a motion for new trial. Also on April 13, appellant entered an approved appearance bond of $2,000, which recited the judgment, and stated Polk had obtained an appeal to the Supreme Court. On April 16 appellant made a pauper's affidavit for appeal to this Court. On April 17 the circuit court adjourned. In brief, after judgment and sentence, Polk filed a motion for new trial, but no action was ever taken on it, although counsel should have called it to the attention of the circuit judge. On the contrary, Polk took an appeal to this Court from the judgment before the end of the circuit court's term.

██ █ Mississippi Code 1942, Rec., § 1649 provides that, if during the term a court shall not have heard and determined all matters standing for trial, then such matters remaining undecided shall stand continued until the next term. But Polk's motion for new trial

did not remain undecided. Appellant's taking of an appeal to this Court, before the end of the circuit court's term, constituted a waiver or abandonment of his motion for a new trial, which incidentally has no merit on its face. 3 Am. Jur., Appeal and Error, § § 270, 246; Boatwright v. State, 143 Miss. 676, 684, 109 So. 710 (1926); Bass v. State, 219 Ala. 282, 122 So. 45, 49 (1929); McMillan v. State, 218 Ala. 602, 119 So. 652 (1928).

Since Polk waived his motion, before expiration of the term, by taking an appeal, Code section 1649 is not applicable. Hence Willette v. State, 219 Miss. 793, 69 So. 2d 407 (1954), which was based on section 1649, is not controlling here. *Willette* did not involve waiver by movant taking an appeal before adjournment. The motion to remand to the trial court is overruled.

Motion to remand case overruled, and judgment of Circuit Court affirmed.

*McGehee, C. J., and Kyle, Gillespie, and Rodgers, JJ.,* concur.