277 So.2d 110 (1972)
TURNER LUMBER COMPANY et al.,
v.
A.L. BECKHAM et al.
No. 46818.
Supreme Court of Mississippi.
October 30, 1972.
Rehearing Denied February 12, 1973.
*111 Boyd, Holifield & Harper, Laurel, Montgomery, Varnado & Garrard, Belzoni, for appellants.
M.M. Roberts, Hattiesburg, Joe A. Thompson, Hattiesburg, Bacon & Smith, Jackson, for appellees.
GILLESPIE, Chief Justice:
This suit to confirm title by A.L. Beckham and those claiming through him (Beckham) against Turner Lumber Company and those claiming through it (Turner) was filed in the Chancery Court of Humphreys County. The trial court overruled Turner's demurrer and allowed him an interlocutory appeal to settle all the controlling principles involved in the case. Miss. Code 1942 Ann. § 1148 (1956).
Turner claims a mineral interest under a conveyance dated November 10, 1930, purporting to sever such mineral interest from the surface estate after the taxes for the year 1930 became a lien on January 1 of that year. The question is whether Beckham's possession under color of a tax title for three years as provided by Mississippi Code 1942 Annotated section 716 (1956)[1] cut off Turner's right to assert the invalidity of the April 6, 1931, tax sale. We hold that Turner could not assert that the tax sale was void, and therefore affirm.
The material facts averred in the bill of complaint and admitted by the demurrer are as next stated. Turner-Farber-Love Company (later Turner Lumber Company) was the owner of the lands in Humphreys County involved in this suit on January 1, 1930, when the 1930 taxes became a lien. Miss. Code 1930 § 3120. No attempt was made to separately assess the minerals. On November 30, 1930, Turner-Farber-Love Company, now Turner Lumber Company, *112 deeded the land to F.T. Turner, reserving all oil, gas and other minerals. Taxes for the year 1930 were not paid and on April 6, 1931, the land was sold for 1930 taxes and struck off to the state. There was no redemption from said tax sale. In 1941, the state patented the land to Beckham's predecessor in title. Beckham entered possession thereof in 1942, placed part in cultivation, fenced the land, grazed cattle on parts thereof, cut timber therefrom, dug a well, built a home thereon and was thereafter until this suit was filed in hostile, actual, open and notorious, visible, exclusive and continuous possession. There was no development of mines or drilling for oil or gas and therefore no possession of the mineral estate.
Turner's argument is based on the proposition that it claims a severed mineral interest created before the possession of Beckham began and, because possession of the surface is not adverse to the ownership of the severed mineral interest, Turner's title to the minerals was not affected by Beckham's possession of the surface.
The mere possession of the surface is not adverse to the ownership of a severed mineral interest where nothing is done toward taking possession of the minerals by drilling wells or digging mines and capturing the minerals. Gandy v. Burke, 236 Miss. 241, 109 So.2d 926 (1959). This general rule, usually arising between the severor and the severee so that the titles spring from a common source, does not apply where, as hereinafter shown, the adverse possessor's title springs from a source antedating the title of the party claiming the severed mineral interest.
The tax title in the present case, absent adverse possession under Code section 716, is conceded to be void. But a forfeited tax land patent void on its face constitutes color of title to the land therein described and possession for three years after two years from the date of the tax sale bars any action to invalidate the tax title. Henry v. Henderson, 216 Miss. 252, 62 So.2d 315 (1953); Hamner v. Yazoo Delta Lumber Co., 100 Miss. 349, 56 So. 466 (1911). The adverse possession is the vitalizing element and the three-year possession statute was intended to cut off the right to assert the invalidity of the tax sale. Carney v. Anderson, 214 Miss. 504, 58 So.2d 13, 59 So.2d 262 (1952). In sum, the possession of Beckham for three years after two years from the date of the tax sale, claiming under the forfeited tax patent, cut off the right on the part of Turner to rely on the invalidity of the tax sale. The result is that Beckham's title is as perfect as if the tax sale had been valid in all respects.
The taxes for the year 1930 became a lien on January 1 of that year. Miss. Code 1930 Ann. § 3120. Since there was no separate assessment of the minerals the mineral estate was subject to the tax lien. Stern v. Parker, 200 Miss. 27, 25 So.2d 787, 27 So.2d 402 (1946). The sale of the land to the state for taxes carried with it the minerals therein, though the minerals were owned by others than the surface owner, the minerals not being separately assessed. Pettis v. Brown, 203 Miss. 292, 33 So.2d 809 (1948). The assessment of the land by surface description without exceptions appearing on the assessment roll included every interest in the land so described above or below the ground, although separately owned. Stern v. Parker, supra. It follows that since the void tax sale was validated by possession, the title of Beckham related to the date the 1930 taxes became a lien on January 1, 1930, and the claim of Turner to a severed mineral interest created November 10, 1930, was cut off by the terms of the statute. Pettis v. Brown, 203 Miss. 292, 33 So.2d 809 (1948).
We hold that the chancellor correctly overruled the demurrer and affirm his action and remand the case for proceedings consistent with this decision.
Affirmed.
PATTERSON, SMITH, SUGG and BROOM, JJ., concur.

*113 ON PETITION FOR REHEARING
BROOM, Justice:
Subject land was owned in fee simple by appellants', Turner's, predecessor in title when taxes thereon became due on January 1, 1930. The minerals and surface were not separately assessed. On November 30, 1930, said predecessor conveyed the surface but reserved all minerals. 1930 taxes were not paid and on April 6, 1931, the tax collector struck said land off to the state. The tax sale was void. In 1941 there having been no redemption from said tax sale to the state, the state patented the land to Beckham's predecessor. Since about 1942 until this suit was filed, Beckham was in actual occupation of the land with all elements of adverse possession present.
This Court in its original opinion under date of October 30, 1972, held that Beckham's possession under color of tax title for three years as per Mississippi Code 1942 Annotated section 716 (1956) cut off Turner's (appellant's) right to assert the invalidity of the April 6, 1931 tax sale. Appellants now petition for rehearing and withdrawal of the Court's opinion.

I
Turner (appellant) now says section 716 does not apply because Beckham's claim is not "under a tax collector's conveyance." We hold that said section 716 does apply. The tax collector's certified list of lands sold for taxes is a conveyance under our statutory scheme in this state. Powe v. Brantley, 210 Miss. 627, 50 So.2d 229 (1951).

II
Next, appellant says the opinion of the court is in error as being contrary to the holding of White v. Merchants & Planters Bank, 229 Miss. 35, 90 So.2d 11 (1956). In that case, which was not cited in original briefs herein, the court applied the general rule that possession of the surface owner was not adverse to the claim of ownership of the minerals. That case is materially different from the case now before us for there the bank who owned the surface claimed through the same chain of title which contained the reservation by which the minerals were severed. Here, Beckham does not rely on the chain of title containing the mineral reservation of November 30, 1930. Beckham's title, as pointed out in the Court's opinion, relates back to January 1, 1930, which antedates the claim of Turner to a severed mineral interest created on November 10, 1930, which was cut off by the terms of the statute. Therefore White, supra, does not reach the precise question of the instant case and is not precedent for present purposes.

III
Next, Turner contends that this Court under its holding in Wilson v. Eckles, 232 Miss. 577, 99 So.2d 846 (1958), also not cited in original briefs herein, must withdraw the opinion rendered in the instant case. A careful scrutiny of that case reveals that the question before us was not identified before the Court when Wilson v. Eckles was decided. There, Code section 716 was not mentioned; there, the Court made no pronouncement that said section 716 was not applicable; there no pronouncement was made or urged that actual occupation for three years under a conveyance by a tax collector based on a tax lien originating prior to the mineral severance would not bar the title of the claimants to the severed minerals, pursuant to section 716; there on the basis of argument and authorities cited in briefs the Court simply applied the general rule that possession of the surface does not constitute possession of the minerals; there said section 716 was not dealt with. Therefore, since Wilson v. Eckles, supra, did not deal with Code section 716, which was not relied on or argued, that case is not controlling or in point or applicable here. It simply is no precedent.
*114 We leave undisturbed the general rule that naked possession of the surface is not adverse to the ownership of a severed mineral interest in the absence of any drilling or mining operations directed toward the capture of the minerals. This rule is recognized clearly by the Court in its original opinion herein. We say, upon the admitted facts revealed by the record before us, that the opinion of the Court already rendered herein is a correct application of Code section 716 when relied upon as was done in the pleadings herein. Here, said statute is a shield to attack on Beckham's title since he actually occupied the same for three years after two years from the date of the tax sale. His (Beckham's) actual occupation of the surface extended to all surface and minerals, within the calls of his deed since the tax sale conveyed every estate in the land. His occupation was notice to the entire world of his adverse possession.
It should be noted, and we so hold, that actual occupation of the surface of land would here be unavailing to Beckham as to the severed mineral estate absent the effect of some other legal force or agency properly asserted. There is present here such other and additional legal force or agency in the form of a tax sale which had its origination on January 1, 1930, the date taxes became a lien. Therefore, the tax sale antedated the mineral severance and demolished said severance for all practical purposes. The tax sale was void, but the effect of section 716 is to cut off inquiry into defects or irregularities in tax sales where the purchaser has been in actual possession for three years, after two years from the date of sale of land for taxes. After the prescribed time has run or expired, except as to minors and persons of unsound mind, suit to recover the land is barred, and title derived through the tax sale may not be assailed because of any defect in the sale of land for taxes, or in any precedent step to the sale. Said section is not a statute of limitation as is section 717. When the three ingredients, to-wit, tax sale, actual occupation, and said section 716, were by clearcut pleadings put into a single package and placed before the trial court by Beckham, no error was made by the decree which is to the effect that Turner's severed mineral estate was defeated.
It is true, as contended by petitioners (appellants), that Code section 717 does not operate so as to "cure or validate defects, irregularities, and illegalities in the assessment, levy and sale of land for taxes." Russell Investment Corp. v. Russell, 182 Miss. 385, 416, 182 So. 102, 106 (1938). Said section 717 is a pure statute of limitation and is vastly different from Code section 716 (a curative statute) invoked in the instant case. It is important to note that section 716 requires affirmative action by a claimant under a tax sale. Its purpose is to substitute for the defects the presence of "[A]ctual occupation for three years, after two years from the day of sale." This affirmative action (actual occupation) substitutes for any action the taxing officials should have in the first place taken in the assessment, levy and sale for taxes. Such occupation is the affirmative acts which the legislature deemed the equivalent of the due process that was omitted prior to the tax sale and therefore has the validating effect. Such possession according to the statute "shall bar any suit to recover such land, or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale." Code section 717 has no curative or validating aspect because there the person claiming through a defective or irregular tax assessment, levy or sale is not required to take any "affirmative action" or do anything. Under section 717 the mere "completion of the limitation" period of time defeats and extinguishes all right, title, et cetera, of all persons except the state and its patentees. Our holding here is not contrary to Russell, supra, which case dealt mainly with Chapter 196, Laws of 1934, which is now section 717 of Mississippi Code 1942 Annotated, and which is a statute *115 of limitation while section 716 is not one of mere limitation. The latter (716) is of a type recognized by Russell, supra, which operates as a "curative law."
It is not mere adverse possession that gives title under section 716 but it is actual occupation claiming under a conveyance by a tax collector in pursuance of a tax sale. Three years' actual occupation absent the tax sale would amount to nothing. The only logical construction to be placed on the statute is that once there is a tax sale, although void, three years' actual occupation after two years from the day of sale validates the tax sale and vest title in the person claiming under the tax conveyance as perfectly as if the tax sale had been valid in the first place.
Appellants contend that White v. Merchants & Planters Bank and Wilson v. Eckles, supra, are authority for the rule that where a severance of the minerals occurred prior to the adverse entry of an adverse possessor claiming under a void tax sale, possession of the surface gives no adverse possessory title to the antecedently severed mineral estate absent actual possession of the minerals by drilling wells and taking possession of them. However, the general rule relied upon has never been declared where section 716 is applied to the circumstances involved in the present case. Turner Lumber Company knew that the 1930 taxes were not paid and the public records so showed and reflected a tax conveyance to the state. Turner Lumber Company and all its grantees were charged with notice that if there was actual occupancy as provided by section 716, the validity of the tax sale would be thereby established and the tax title validated to every estate in the land as of January 1, 1930.
The two last cited cases (White and Wilson) did not articulate any "rule of property" applicable to the instant case, and therefore are not controlling here.
The petition for rehearing is denied.
All Justices concur.
NOTES
[1] Actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes shall bar any suit to recover such land or assail such title because of any defect in the sale of the land for taxes, or in any precedent step to the sale, saving to minors and persons of unsound mind the right to bring suit within such time, after the removal of their disabilities, and upon the same terms as is provided for the redemption of land by such persons. (Miss.Code 1942 Ann. § 716)