## JESSE LUSK v. THE STATE.

64  815<br>85  154

1. CONSPIRACY.   *Common criminal purpose.   Responsibility of each for acts in pur-
suance of.   Case in judgment.*

   L. and others went to the dwelling-house of C., broke his dishes, tore up
   his bed clothing and scattered the pieces over the floor, cursed C.,
   and drove him and his wife out of the house; after C. and his wife
   had gone some distance they saw the house in flames, by which it
   was consumed, the only fire in and about the house when they left
   being a few coals in the fireplace. L. was indicted and tried for arson.
   The court instructed the jury that if they believed from the evidence
   that the defendants "combined to go to C.'s house to do an unlawful
   thing, and in the prosecution of said design and as a result and as a neces-
   sary consequence of the prosecution of such design C.'s house was burned,
   then the defendants are guilty as charged, and the jury should so find as to
   the defendant now on trial, and that, too, whether the purpose to burn
   C.'s house was not entertained by all or by one of defendants at the out-
   set." *Held,* that this instruction was correct.

2. Indictment. *Failure of record to show where court held. Practice.*

    If the record of the organization of the court and the caption of an indictment in question fail to show where the court was held to which such indictment was returned, the indictment is bad and upon proper motion ought to be quashed.

3. Same. *Incurable defect. How taken advantage of. Section 1433, Code of 1880, construed.*

    And such defect in the record, being incurable in its nature, is not affected by § 1433, Code of 1880, which provides that " no judgment in any criminal case shall be reversed because the transcript of the record does not show a proper organization of the court below or of the grand jury. * * * * * Nor shall any such judgment be reversed because of any error or omission in the case in the court below, unless the record shows that the errors complained of were made a ground of special exception in such court." Such defect may be taken advantage of on motion in arrest of judgment.

Appeal from the Circuit Court of Lincoln County.

Hon. J. B. Chrisman, Judge.

Jesse Lusk, Vaitchel Clark, and Monroe Carter were jointly indicted by the grand jury of Amite County for arson. Neither the record of the organization of the court nor the caption of the indictment showed *where*, in the County of Amite, the court was holden to which the indictment was returned. The defendants made a motion to quash the indictment on several grounds, the third of which was that " the indictment was not found and returned into court by a grand jury of Amite County." This motion was overruled.

On the trial of Lusk it was shown that he and Clark and Carter, armed with a gun, a knife, and a pistol respectively, went to the dwelling-house of one Crum at night, cursed and abused Crum and his wife, threatened to kill Crum, drove him and his wife from their house, broke their dishes, and tore their bed clothing into pieces and scattered it over the house. It was further shown that the only fire about the house consisted of a few coals in the fireplace, and that soon after Crum and his wife were driven from the house by defendant and his party the house was seen to be in flames and was completely consumed thereby. The indictment was based on such burning.

The court instructed the jury for the State as follows:

"The court instructs the jury that if two or more persons combine to do an unlawful thing, and the act of one of them or of all of them, proceeding according to the common plan, terminates in a criminal result, though not the particular result intended, all are liable. All who are responsible for what is done unlawfully are so for its entire consequences, whether contemplated or accidental. Therefore, if you believe from all the evidence, and circumstances in evidence in this case, that these defendants combined to go to Crum's house to do an unlawful thing, and in the prosecution of said design, and as a result and as a necessary consequence of the prosecution of such design Crum's house was burned, then defendants are guilty as charged, and the jury should so find as to the defendant now on trial, and that, too, whether the purpose to burn Crum's house was not entertained by all or by any of defendants at the outset."

The defendant was convicted and moved for a new trial, which was denied him. He then made a motion in arrest of judgment " because (1) there is no record in this court upon which judgment can be sustained; (2) there is no such record in this case as will support a sentence of imprisonment on defendant; (3) there is no record to show that defendant was ever indicted by a grand jury of Amite County." This motion was also overruled, and the defendant appealed to this court.

*T. R. Stockdale*, for the appellant.

1. The instruction is wrong for two leading reasons : First, there is not a syllable of evidence to sustain it; second, it is not the law if there were such evidence.

There is not a word in all the evidence going to show, or tending to show, that the defendants combined to do an unlawful thing, nor that they combined to do anything. There is no evidence of any common plan—even to go to Crum's house.

This instruction was based on *Peden* v. *The State*, and nearly quotes its language in announcing a naked proposition of law, 61 Miss. 270, but the conclusion is in bald violation of the doctrine laid down in that case.

The accused are charged with willfully and maliciously burning

Crum's house, but this instruction says that if they meant to do an unlawful thing—no matter what—no matter that the unlawful thing was without malice, not even willful, but simply careless—some prank—yet if the house was burned in pursuance of that prank, although accidental, they are guilty of willfully and maliciously burning the house, and that, too, though none of them ever designed to burn it. I say this is square in the face of the *Peden Case* and common sense. The *Peden Case*, 61 Miss. 270, announces "*whether or not Davis was guilty of murder depends on whether he struck the fatal blow with deliberate design to effect the death of Walker. If he did, he was guilty of murder.*" And it would follow that those who aided and abetted him were guilty of murder also. There is nothing novel in that. But this instruction announces the doctrine that a man may commit a felony without malice ; that if he do a thing, however slightly unlawful, and as a result a house is burned, the ingredient of malice is infused into it by some legerdemain unknown to the law until now.

2. The motion to quash should have been sustained.

Had the record shown affirmatively that the court was held, or attempted to be held, at Glaster City, or in the woods, or in the town of Hog Eye, in said county, or at some beer saloon, there would be no argument admissible that there was a legal grand jury. The fact that the record fails to show where the court was held is equally fatal.

After a court is legally organized and is a court, the presumption arises that it acted properly, but to presume a court into existence would be a novelty beyond the power of § 1433 even.

If objection cannot be taken to the grand jury by the motion to quash, § 1433 does not apply, for the motions for new trial and in arrest are plain enough. And yet they are no plainer than the motion to quash. It simply directs the court to the record. "*Unless the record shows that the errors complained of were made the ground of special exception in such court,*" says § 1433.

It seems to me there is no escape from this motion unless, as suggested, the court overrule the cases holding the reverse, and not require the record to show where the court was held, and thereby

disembowel the reports from 4th Howard (*Carpenter's Case*), until now. The caption in the *Carpenter Case* was almost indentical with this one, and the opinion of the court there gives conclusive reasons why the record cannot stand. 4 Howard 167–8.

The object of § 1433 was, as stated by this court, to amend the often objectionable rule that the record must show affirmatively every step to a valid trial, and there is nothing in the *Spivey Case*, 58 Miss. 743, nor in the *Fleming Case*, 60 Miss. 434, to help out this case. In the *Spivey Case* the court said : "The law is founded on the reasonable presumption that the trial court will do all things right," etc. But there is no court to do right or wrong until it is organized at the place fixed by law.

There is nothing in § 1433, nor in any decision upon it, so far as I have seen, that intimates at what time or in what stage of the proceedings the error complained of must be made a ground of special exception in the court below. It must be done in the court below. It is as good on motion for new trial or in arrest of judgment as a motion to quash.

*T. R. Stockdale*, for the appellant, argued the case orally.

*I. M. Miller*, Attorney General, for the State.

1. The motion to quash was properly overruled. The indictment rests on § 2708, Code of 1880, and is good. *Dick* v. *The State*, 53 Miss. 384. See also 2 Bish. Cr. Pr., 3d ed., § 534, etc. The indictment is in the usual form also. Bishop's Directions and Forms, § 180.

No objection can be entertained to the organization of the grand jury on a motion to quash an indictment which was not urged before.

If the third ground of the motion depends on the failure of the record to show that court was held at the county seat, it is a masked objection and too vague and general to avoid § 1433, Code of 1880, which requires *special* exceptions.

Aside from this no good reason can be perceived why the record of a court of general jurisdiction should show the *place* where held, and the weight of authority is against such requirement. The usual presumption of regularity should apply to such a case. I am

aware of what has been held by the high court of errors and appeals on the subject, but would insist, if necessary, that the decision be overruled ; but it is perfectly certain, in view of § 1433 of the code, that objections which did not specifically and pointedly call the attention of the lower court to the particular defect or omission relied on will not be entertained here.

Upon the question of time and place see cases cited in note to 1 Bish. on Cr. Pr., § 1351.

2. The doctrine laid down in the instruction for the State is too well established to admit of question at this day, and it was clearly applicable to the facts.

To hold that when several parties are engaged in a joint criminal enterprise, and while in the actual execution of it, either by design or accident on the part of one or all, a greater offense is done, there is no responsibility, would destroy all safety. The rule of responsibility in such cases is a public necessity, although it may result in the severest punishment of persons with only a light criminal animus. *Peden* v. *The State*, 61 Miss. 267 ; 1 Bish. Cr. L. 636 *et seq.*

The *Attorney General* also argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

Where parties combine to commit crime the law imputes the guilt of each to all thus engaged, and pronounces all guilty of any crime committed by any in the execution of the common purpose, as one of its natural and probable consequences, even though none of the parties intended at the outset to do the particular thing constituting the crime.

If the act is not the natural and probable outcome of the common design, but is the independent act of some of the party, conceived of by them, and outside of the common purpose, those not participating in it are not responsible for this independent act.

As applied to the evidence, the instruction complained of is correct, and the verdict is the only one which could have been rendered with due regard to the evidence.

Section 1433 of the code applies to curable objections only. The

defect in the indictment here is incurable. The caption fails to show *where* in Amite County the court was held in which the indictment was found. It is essential that this should appear from the record. *Carpenter* v. *State,* 4 How. 163; *Sam* v. *State,* 13 S. & M. 189.

The motion in arrest of judgment at the March term, 1887, brought into view the record of the organization of the court at the September term, 1885, which shows when, and by whom, and for what county a court was held, but does not show where it was held, or anything from which to conclude that it was held at the place prescribed by law.

*The judgment should be arrested, and the judgment rendered is reversed, the indictment quashed, and the prisoner ordered to be held to await an indictment in a court shown by the record to be held at the place designated by law.*