WOODWARD *v.* STATE.

(In Banc. Oct. 17, 1932.)

[143 So. 859. No. 30090.]

H. F. Jones, of Belzoni, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was jointly indicted with Will Dixon for the murder of Joe Rustici. There was a severance, and on their separate trials each of the accused was convicted.

Reference is made to the opinion of the court in the Dixon Case (Miss.), 143 So. 855, this day delivered.

There are ten assignments of error in the instant case, one of which deals with the following instruction granted at the request of the state: "The court instructs the jury that where two or more persons conspire together to commit a felony and afterwards while acting together in pursuance of such conspiracy and while engaged in the commission of such felony, one or more of such persons commits a murder, then all of such conspirators are guilty of murder, regardless of which one actually struck the blow which produced death."

The deceased was murdered in the nighttime in a store owned by him, and adjoining which was a bedroom occupied by him. The conviction of appellant is supported by evidence which would be sufficient to base the verdict on either one of the following theories: (1) That the appellant and Will Dixon entered the store at night, as aforesaid, for the purpose of larceny, and while thus engaged they were surprised by the entry into the store of the deceased, who threw a flash-light upon the parties, and that thereupon the appellant beat the deceased to death with an iron twine stand which was a part of the store equipment. We think under all the evidence the theory just stated is improbable. (2) That in the same situation as above stated Will Dixon did the killing, appellant being actually present. (3) That appellant, who was an employee at the store, and who was present at the time the store was closed at ten o'clock, did by a prearranged plan with Dixon leave the back door open, so that Dixon could enter noiselessly, as it was calculated, and that appellant thereafter kept watch at the front of the premises; but that Dixon, who entered the store, did not succeed in doing so without noise, and that the deceased, hearing the noise in the store, went from his bedroom to the store room adjoining, and having, by the aid

of a flash-light, discovered the said Dixon, the latter murdered the deceased in the manner above mentioned. (4) That by the said prearranged plan appellant left the back door open, and appellant thereupon departed, and was not within the immediate neighborhood of the store at the time of the entry and killing by Dixon, and that the conspirators met some hour or two after the homicide and divided the money at a point remote from the store.

As we understand the contention of appellant, it is that because, under the evidence, one of the reasonable theories which the jury could and, so far as we know, did accept, was that the conspiracy between the two accused persons was as last stated under numeral 4, the quoted instruction is erroneous in that it authorized the conviction of murder of a coconspirator who was absent, when the conspiracy was of no more than to commit larceny, and that this was not a conspiracy, the natural probabilities of which would lead to a homicide. Appellant cites the case of Huggins v. State, 149 Miss. 280, 115 So. 213, and cites also the text, Wharton on Homicide (3 Ed.), p. 658, to the effect that: ''Where an unlawful act agreed to be done by co-conspirators, however, is not of a dangerous or homicidal character, and its accomplishment does not necessarily or probably require the use of force or violence which may result in the unlawful taking of human life, criminal liability for such taking of life by one of them will not attach to another from the mere fact of his having been a party to the agreement.'' See, also, 13 R. C. L., p. 731; 29 C. J. pp. 1072, 1075.

The contention made by appellant has been most carefully considered in the light of all the authorities as applied to the record before us, and it is our conclusion that, admitting for the sake of the argument, but not deciding, that the quoted instruction is erroneous as a general proposition, the same is not reversible in this case, because if the verdict was based on the theory of a con-

spiracy the least that could have been considered by the jury in that respect was that the coconspirators had agreed to a larceny of a small store building in the adjoining room to which it was known by them that the proprietor of the store was present, and that it was more than remotely possible, even if we are not to say probable, that the said proprietor would hear the noise which would likely be made in working at such a crime in the dark, and would at once go into the store to search for the cause of the noise, and would intercept any persons there present in the commission of the larceny. In such a situation the great weight of authority is to the effect that the coconspirators are equally guilty of the murder which directly results from the discovery and the resistance to the crime being committed as originally planned, although the murder, as a part of it, had not been actually agreed upon, and had not, in fact, been taken into consideration.

We have examined the other assignments of error, and find that as applied to this record none of said assignments are well grounded.

The judgment and sentence will be affirmed, and Friday, November 18, 1932, is fixed as the day of execution.

Affirmed.