## ODOM v. STATE.

(Division B. May 6, 1935. Suggestion of Error Overruled June 10, 1935.)

[161 So. 141. No. 31634.]

Guyton & Thornton, of Kosciusko, and **J. E. Franklin,** of Jackson, for appellant.

Ross R. Barnett and **P. Z. Jones, Jr.,** both of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **P. Z. Jones** and **Ross R. Barnett**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellant and five others were jointly indicted in the circuit court of Attala county of the crime of robbery. Appellant was granted a severance, was tried, convicted, and sentenced to the penitentiary for the term of ten years. From that judgment he prosecutes this appeal.

The charge was that appellant with the five others robbed G. W. Blount of a pistol of the value of thirty-five dollars. The Aponaug Manufacturing Company owns and operates a cotton mill located at Kosciusko. In August, 1934, many of the employees of the mill were on a strike; there was strong feeling between the union and nonunion employees. The strike was called by the union force. A company of National Guard was present patrolling the cotton mill to keep down disorder. G. W. Blount, a nonunion man, was employed as a guard, and the company furnished him with a pistol which he carried. He was on his way from the cotton mill to his boarding place to partake of his evening meal, when, according to the state's evidence, appellant and the five others assaulted him. Appellant and William Frier were

armed with pistols, one of them jabbed his pistol in Blount's back and the other in his stomach, and commanded those present to take Blount's pistol off of him, which was done and never returned to him.

The evidence showed that the pistol was of the value of thirty-five dollars and was owned by the cotton mill and turned over to Blount to enable him to perform his duties as a guard. Appellant and the other five then took Blount some distance away, laid him across a log, and took a leather belt with a buckle on it and gave him a beating and directed him to quit his employment and leave town at once. Appellant's defense was an alibi.

It is argued that the state's case was not made out because the evidence showed that appellant and the others jointly indicted with him assaulted and whipped Blount, nor for the purpose of robbing him of his pistol, but for the purpose of driving him out of his employment as a guard. To sustain that contention, appellant relies on the well-established principle that, where there is an unlawful assemblage of persons to perpetrate a particular crime, and one, of his sole volition, goes outside of the main purpose and commits another crime, in no way related to the mutually contemplated crime, he only is liable. That principle has no application, however, if the crime committed by such an one was the actual and probable consequence of the common purpose, even though none of the parties intended at the outset to do the thing constituting that particular crime. Where the crime is the natural and probable outgrowth of the common purpose, all the conspirators are liable. Lusk v. State, 64 Miss. 845, 2 So. 256; Woodward v. State, 166 Miss. 596, 143 So. 859. The disarming of Blount was the natural and necessary thing to be done in order for the conspirators to accomplish their unlawful purpose; in other words the robbery was the reasonable outgrowth of their unlawful purpose.

One of the grounds of the motion for a new trial was that the verdict of the jury was against the overwhelming weight of the evidence. A reversal is urged upon that ground. We think the contention is without merit. There was ample evidence to support the verdict.

Appellant was one of the cotton mill strikers. Another ground of the motion for a new trial was that the public mind was highly inflamed against the strikers; that on account thereof appellant failed to get a fair and impartial trial. The motion sets out in great detail the things relied on as prejudicial to a fair trial. For aught that appears to the contrary in the motion, or in the evidence taken on the motion, all the matters and things relied on were known both to appellant and to his counsel before the trial was entered upon. In order to entitle the defendant to a new trial based on facts existing before and during the trial, the defendant and his counsel must make affidavit or testify under oath that they were ignorant of such facts until after the trial. Hilbun v. State, 167 Miss. 725, 148 So. 365; Grady v. State, 158 Miss. 134, 130 So. 117; Salmon v. State, 151 Miss. 539, 118 So. 610; Queen v. State, 152 Miss. 723, 120 So. 838; Lipscomb v. State, 76 Miss. 223, 25 So. 158; Brown v. State, 60 Miss. 447; Harris v. State, 61 Miss. 304; Long v. State, 163 Miss. 535, 141 So. 591. The facts set out as constituting this particular ground of the motion might have been pertinent on an application for a change of venue. No such application was made.

During the trial, one of the jurors, Rimmer, purchased a Commercial Appeal, in which it was stated that the trial was in progress; that the National Guard was present; that appellant was on trial for the crime of which he was convicted; that Blount had been called as a witness by the state and testified about the alleged whipping; that the public interest, however, was more largely in the case against Ritchie of Jackson, the president

of the Mississippi Federation of Labor, scheduled for trial the next day. The paper contained no prejudicial statement against either appellant or Ritchie or the Federation of Labor. There was nothing in it calculated to bias the mind of the reading public for either one side or the other; it merely stated facts known to every one. The evidence on the motion failed to show that the juror, Rimmer, read the account of this proceeding in the paper. Neither appellant nor his counsel made an affidavit or testified under oath that they were ignorant during the trial of these facts, which, under the Hilbun Case and others, supra, was necessary.

Another ground of the motion for a new trial was that, when the jury was ready to return their verdict, two of them asked the deputy sheriff in charge to see that they were protected against violence when their verdict was announced. Before and during the trial it was currently reported that five hundred union men in the state of Mississippi were marching on Kosciusko and were going to "tear up the town." It may be that some or all of the jurors had heard this rumor; the evidence on the motion for a new trial does not divulge whether they had or not. It is manifest from the record that the jury had no ground to fear violence from either the public or the nonunion men in and around Kosciusko. On the other hand, if they had any fear of violence, it must have been from the union men who were strikers, and who, according to the state's evidence, had beaten and robbed Blount, and the union men rumored to be marching on Kosciusko in "great numbers to tear up the town." Their verdict of guilty, under the facts and circumstances, would indicate that the jurors were willing to do what they conceived to be their duty, notwithstanding the threats of the strikers and those who were in sympathy with them. In other words, if they were influenced by fear, they would have rendered a verdict of acquittal instead of conviction.

By consent of appellant's counsel, the motion for a new trial was heard in appellant's absence. Appellant admits this, but contends that the right to be present could not be waived; that the rights guaranteed by section 26 of the Constitution, one of which is the right of a defendant in a criminal case to be confronted by the witnesses against him, could not be waived. Section 1276, Code of 1930, provides that in criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. Construing this statute in Winston v. State, 127 Miss. 477, 90 So. 177, the court held that the right could be waived in a felony case where the defendant is not shown to have been prejudiced thereby. See, also, Thomas v. State, 117 Miss. 532, 78 So. 147; Ann. Cas. 1918E, 371. There was no prejudice shown in this case.

We are of opinion that the other assignments of error are not of sufficient merit to call for a discussion.

Affirmed.