CARROL *v.* STATE.

(In Banc. Oct. 17, 1938.)

[183 So. 703. No. 33284.]

(1)

Jack P. Canizaro, of Vicksburg, for appellant.

3

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a death sentence under a conviction for murder. The appellant's complaints are:

(1) that a woman whom the evidence discloses to be his common law wife was permitted, over his objection, to testify in behalf of the state, and (2) one of the instructions granted the state is erroneous.

Appellant did not testify and the evidence discloses without conflict therein, including a confession of the appellant, that the appellant and four others waylaid the deceased and robbed him of a considerable sum of money during the course of which and as a part thereof, one of the other participants in the robbery struck the deceased twice over the head with a blunt weapon of some sort, thereby causing his death. The appellant and his associates then left the scene of the robbery, and, the appellant, having some blood on his trousers, went to his home and changed them, and, thereafter, the participants in the robbery, including the appellant, divided among themselves the money of which they had robbed the deceased. The evidence objected to was that of a woman whom counsel for the appellant says the evidence declares to be appellant's common law wife, who stated that the appellant came to his residence shortly after the robbery with blood on his trousers and changed them, telling the witness that he had had a fight and the police might be looking for him, and for the witness to get the clothes out of the house and say nothing about it.

The court below was probably right in holding that the witness was not the appellant's common law wife, but, if not, no reversible error was committed in admitting her testimony for all that the witness said, except that the appellant told her he had had a fight, that the police might be looking for him, and to get the clothes out of the house, fully appears in the other evidence, including the confession of appellant.

The instruction complained of is as follows:

"The Court further charges the Jury for the State, that murder is the killing of a human being without authority of law, by any means or in any manner when done with the deliberate design to effect the death of the per-

son killed, or, without such design when done in the perpetration of the felony of robbery.

" 'The Court therefore charges the Jury that if they believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Louis Carroll, in company with other persons, all having a common design to rob one, Lemon Pelekas, and went to a place on Walnut Street near the colored Y. M. C. A. in Vicksburg, Warren County, Mississippi, for the purpose of robbery of the said Lemon Pelekas, and while so engaged to this design one of his associates, Theodore Blanchard, struck the said Lemon Pelekas upon the back of the head with a deadly weapon, either with the formed purpose to kill him or without such intent, and as a result of said blow so struck the said Lemon Pelekas died, then the Jury should find the defendant guilty of murder, and it is immaterial whether or not the defendant, Louis Carroll, struck the deceased, and the Jury should so find him guilty, even though they may believe that he, the said defendant, did not personally strike the blow that killed the deceased.' "

Counsel for the appellant says that the indictment was drawn on paragraph (a), of Section 985, Code of 1930, and, therefore, the instruction should have included the element of deliberate design. Section 985 of the Code contains four paragraphs, three of which are as follows:

"The killing of a human being, without the authority of law, by any means or in any manner, shall be murder in the following cases:

"(a)  When done with deliberate design to effect the death of the person killed, or of any human being;

". . . . . . . . .

"(c)  When done without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, arson, or robbery, or in any attempt to commit such felonies."

The indictment is drawn under and in the language of Section 1211, Code of 1930, which provides: "In an in-

dictment for homicide it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused, but it shall be sufficient to charge in an indictment for murder, that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased. And it shall be sufficient, in an indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased, concluding in all cases as required by the Constitution.''

This section covers all homicides, both statutory and common law, and under an indictment drawn in accordance therewith any facts that evidence murder or manslaughter may be introduced in evidence. Lee v. State, 124 Miss. 398, 86 So. 856. The evidence discloses the crime of murder under paragraph (c), of Section 985 of the Code, and that the appellant did not himself strike the fatal blow does not relieve him of responsibility therefor, it having been struck by one of his confederates as an aide in carrying out the common purpose to rob. Lusk v. State, 64 Miss. 845, 2 So. 256; Fisher v. State, 150 Miss. 206, 116 So. 746; Woodward v. State, 166 Miss. 596, 143 So. 859; Odom v. State, 172 Miss. 687, 161 So. 141.

The evidence discloses not only a conspiracy to rob, but the actual participation therein by the appellant.

Affirmed.

Sentenced to be executed on Tuesday, November 29, 1938.