SIMS *v.* STATE.

Division B.   Oct. 2, 1950.

No. 37582 (47 So. (2d) 849)

**Robertson Horton**, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Roberds, P. J.**

Sims was indicted for the murder of Will Steve Shaw; was convicted of manslaughter and sentenced to ten years in the state penitentiary.

He says the evidence is insufficient to sustain the verdict. According to the evidence of the State, he killed Shaw in cold blood by shooting him with a shotgun at a time when he was in no personal danger whatever, real or apparent, at the hands of Shaw. According to appellant's testimony he killed Shaw in self-defense. This was purely a question of fact for decision by the jury. It accepted the evidence of the State, and that evidence amply supports the verdict.

Appellant next says he was denied due process of law. He seems to ground that contention on the assumption he was not properly represented by counsel in the lower court. He had different counsel on this appeal. Failure to protect his rights at the trial, he asserts, consisted in (1) failure to have present and use as witnesses in his behalf his two sisters; (2) failure of his counsel to make a motion for continuance; and (3) to object to certain testimony.

As to the absence of the two sisters, there is no showing in the record as to what the testimony of these

witnesses would have been. We do not know whether it was relevant or pertinent or admissible. Nor is there any showing as to why they were not present. In addition to this, appellant was permitted, as a witness, to detail conversations between these two sisters and Will Steve Shaw and Bill Shaw, his brother, which conversations appellant says he overheard, and which conversations presumably constituted the testimony the sisters would have given as witnesses. There is no merit in this contention.

Failure of counsel to make a motion for continuance is grounded in this state of facts: The crime was committed on the night of October 28, 1948. A preliminary hearing was had November 1, 1948, and accused was bound over to await the action of the grand jury. At the preliminary hearing defendant was represented by Mr. Aldridge. Accused was indicted at the April 1949 term of court. Mr. Aldridge had been injured in an accident and the trial judge continued the case until the next term of court. When the case was called for trial at the October 1949 term of court announcement was made to the trial judge that Mr. Aldridge was no longer counsel for defendant; whereupon, the judge caused the names of all of the attorneys at the bar to be placed in a hat and he drew by lot the name of a local member of the bar and appointed him to represent Sims. The case was set for trial the next day. No motion was made for continuance. However, as stated, the case had been continued once. A year had elapsed since the crime was committed. It is not shown that counsel needed more time for preparation of the defense. The record does disclose, without explanation, that defendant was represented not only by the attorney so selected by the trial judge but also by an attorney who resided in another county.

And as to the third specified reason for reversal, absence of objections to evidence, brief of able counsel on this appeal mentions failure to object to introduction

into the evidence of the shotgun used by Sims in the killing of Shaw, and failure to object to introduction of a photograph of the scene of the crime. No reason is perceived why objection to introduction of the gun would have been sustained. Appellant admitted this was the gun with which he shot his victim. He invoked self-defense. The gun was competent evidence. Objection to its introduction would have been useless.

As to the photograph, the evidence is uncontradicted, it accurately and correctly depicted the scene of the crime and surroundings. It was especially helpful and pertinent in this case because it not only accurately disclosed the scene of the tragedy but also the home of appellant and the distance thereof from the place of the shooting, the proof showing that in his anger appellant departed the place where the difficulty first started, deliberately went to his home some three hundred and eighty-six feet away, procured his shotgun, returned to, or near, the initial spot of the difficulty, and killed Shaw by shooting him with this gun. The proximity of the home where the gun was procured to the initial scene of the difficulty and the place where the shooting took place were all pertinent facts as bearing upon the malice and intent of appellant and whether he was the aggressor. The photograph was competent and no reason is perceived why objection should have been made thereto.

▮▮ Appellant next says we should reverse the case because a special judge presided at the trial and the regular judge heard and denied the motion for new trial. We do not try to delineate the respective powers of these judges as regards this motion for the reasons, first, it is not shown, of course, whether the special judge would have sustained the motion, and, therefore, that appellant suffered harm by his failure to pass on the motion, and, second, because the motion on its merits, in our opinion, was properly overruled. We might add, in this connection, we have noted the affidavits of newly discovered evidence attached as a part of the motion for a new trial.

The affidavits do not warrant a new trial for the reasons, first, it is not shown defendant exercised due diligence to learn of such evidence, and, second, because the testimony, as disclosed by the affidavits, would not have been competent had it been offered.

Appellant next says he was denied his constitutional rights in that he was not present when the motion for new trial was heard. The contention can avail him nothing here. This was not mentioned in the lower court. Absence of defendant was not brought to the attention of the trial judge. The point was not mentioned in the assignments of error nor in the original brief of appellant on this appeal. Counsel frankly says it is mentioned for the first time in his reply brief. We need not consider it. However, on the merits, we might add that apparently under this record defendant was in custody. Under such circumstances he had the right to waive his presence at the hearing. Sec. 2519, Code 1942; Odom v. State, 172 Miss. 687, 161 So. 141; Hamburg v. State, 203 Miss. 565, 35 So. (2d) 324 .

Affirmed.