STRICKLAND *v.* STATE.

Feb. 8, 1954

No. 39009 52 Adv. S. 24 70 So. 2d 1

*Colin L. Stockdale,* Jackson, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant, Jack Watkins, William Huddleston, Fred Earl Milling and Andrew Clyde Thrash were indicted for burglary. A severance was granted appellant and he was tried, convicted, and sentenced to serve six years and six days in the penitentiary. Thrash entered a plea of guilty and was the state's principal witness.

Thrash testified he had known appellant five years; that on December 8, 1952, he was driving his Lincoln car and picked up appellant, Huddleston and Watkins near Ellisville in Jones County, and sometime later Milling joined them; that the five co-indictees then drove to Magnolia; that they were armed with a machine gun and two pistols; that they went to the Stewart Motor Company at Magnolia and while appellant and Thrash kept watch, the others forced a door of the Stewart Motor Company, broke open the safe and took the money. They also took a new Chevrolet car out a rear door, together with a number of tires and other items. Thrash further testified that after the burglary, which occurred in the early hours of December 9, they abandoned the stolen car a few miles east of town, left a suitcase which was not missed until later, lost a pistol, and hid some of the stolen tires

under a bridge. Thrash also testified to other details of the crime.

Testimony of other witnesses showed that the stolen Chevrolet car was found a short distance east of Magnolia. To the rear of the car was a handbag bearing the name of a brother-in-law of Huddleston, and inside the bag was a shirt with the names of appellant and Jack Watkins on it. Two employees of Stewart Motor Company testified that appellant was seen in and about the Stewart Motor Company a few days before the burglary and again on the day before the burglary. E. E. Stewart, owner of Stewart Motor Company, testified as to the identity and ownership of the property alleged to have been stolen. The tires were found under the bridge.

Appellant and Watkins were arrested on December 16, 1952. He was riding at the time in the Thrash Lincoln car. The arrest was in Jones County, and the machine gun was then in the Lincoln car. Appellant's mother, father, sister-in-law, brother-in-law, and a family friend all testified that appellant was at his father's home near Ellisville, Mississippi, on the night of the crime, and whose testimony, if believed by the jury, would have established a complete alibi for the appellant.

Appellant assigns as error the refusal of a directed charge of not guilty for three reasons: (1) that the state failed to prove the purpose for which the Stewart Motor Company kept the allegedly stolen property; (2) that the indictment as drawn required the state to prove all of the purposes for which the goods were alleged to have been kept, and (3) that the proof of the alleged crime was not sufficiently proven. These contentions will be dealt with separately.

The proof was ample to show that E. E. Stewart, owner of Stewart Motor Company, was engaged in the selling of new and used automobiles and ran a general automobile repair business. It was shown without dispute that the very car stolen was to be delivered the next day to Stewart's customer who had already made a deal

for its sale. The purpose for which the property described in the indictment was kept was amply proven.

Appellant was indicted under Section 2043 of the Code of 1942, which is: ''Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, ship, steamboat, flatboat, or railroad car, in which any goods, merchandise, or valuable thing shall be *kept for use, sale, deposit, or transportation,* with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering, in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with, or forming a part thereof, shall be guilty of burglarly, and imprisoned in the penitentiary not more than seven years.'' (Emphasis ours.)

■ The indictment read ''kept for use, transportation, deposit, sale *and* delivery.'' It is contended that since the conjunctive ''and'' was used in joining the several purposes instead of the disjunctive ''or'' as provided in the statute, the state thereby assumed the burden of proving all five purposes. This contention is hypertechnical and is without merit.

■ The proof was sufficient to prove appellant was guilty beyond a reasonable doubt. Appellant assails the testimony of accomplice Thrash because Thrash has an unsavory past. He was shown to have been sent to a reform school at the age of about ten and served three years. At about age sixteen, Thrash was convicted of burglary and sentenced to serve two years. A few years later, he joined the army and received an undesirable discharge. Shortly after leaving the army, Thrash was again convicted of burglary and had finished his sentence before becoming involved in the instant case. Thrash detailed the crime in many respects. His testimony was corro-
the crime in many respects. His testimony was corroborated by other witnesses and physical facts. The lost

and so was the handbag and the stolen automobile. The tires were found where he said they had been put. Two witnesses testified they saw appellant about the Stewart Motor Company on two occasions prior to the commission of the crime. His story is not unreasonable and the jury was fully warranted in believing him. There is no basis on which this Court would be justified in saying that the testimony of Thrash is unbelievable. There is ample authority holding that an accused may be convicted on uncorroborated testimony of an accomplice if such testimony is reasonable. Larry v. State, 211 Miss. 563, 52 So. 2d 292. The testimony of Thrash is reasonable and is corroborated. The jury was the sole judge of the truth or falsity of such testimony. Young v. State, 212 Miss. 460, 54 So. 2d 671.

 Appellant also assigns as error the admission in evidence of a machine gun. It was shown that this machine gun was used in the commission of the crime and that it had been obtained from Millings, one of the co-indictees. Furthermore, the proof showed that the machine gun was in Thrash's automobile when appellant was apprehended, which automobile had also been used in the commission of the crime. The machine gun was properly admitted in evidence.

Appellant also assigns as error the granting of an instruction for the state and the refusal of two instructions requested by the appellant. We have carefully considered these and other assignments of error and find no merit therein.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.