264 So.2d 411 (1972)
Thomas M. WILKINS
v.
STATE of Mississippi.
No. 46879.
Supreme Court of Mississippi.
June 19, 1972.
*412 Lawrence D. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant Thomas M. Wilkins was indicted along with three other persons for the crime of burglary. He was tried separately and convicted in the Circuit Court of Forrest County, Mississippi, of the crime of burglary. He was sentenced to serve a term of six (6) years in the state penitentiary. He has appealed to this Court and now contends that the trial court committed reversible error in permitting the state to introduce certain evidence over his objection.
All of the testimony in this case was presented by the witnesses for the state. The appellant did not testify, nor did he present any witnesses.
The evidence reveals that on the night of June 23, 1971, at approximately 3:30 A.M. the desk sergeant at the Hattiesburg Police Department received warning through an electronic burglar alarm system that a business in Hattiesburg known as Eckerd's Discount Drugs had been broken into. As a result of this warning, the desk sergeant immediately notified patrolmen of the occurrence. The patrolmen immediately converged on the scene of the alleged crime and positioned themselves so that they could observe the front, back and one side of the building. The fourth side was adjacent to another building. These officers remained in position while the investigating officers entered the building with the assistance of the manager, who had been called to the scene. The investigating officers noticed water dripping and found where somebody had come through the ceiling.
After checking out the building downstairs, the officers called for a fire truck to assist them in their ascent to the top of the building. The officers found an opening in the roof. Still not satisfied at finding no one, the officers came back down and searched the inside again.
At this juncture, Patrolman Gerald Houseley ascended to the roof from the inside of the building by using a stepladder. He went through the holes which had been made in the ceiling and roof. Within a few minutes after reaching the roof, Patrolman Houseley advised that he had captured the appellant. The appellant had been found lying on a porch which extends out from the building and covers a loading area for the drugstore. The porch is "about three feet or better" lower than the roof of the building where the hole was found. The appellant was lying up against the wall of the building so that Patrolman Houseley had to look straight down in order to see him. Within arm's reach, or two (2) feet, of the appellant Patrolman Houseley found a paper sack containing various narcotic drugs. These drugs were identified at the trial by the manager of Eckerd's Discount Drugs as having been taken from his store.
Patrolman Houseley found an axe partly sticking up in the ground about thirty (30) to forty (40) feet from the rear of the building. The appellant was about fifty (50) feet from the rear of the building or about one hundred (100) feet from the axe. One of the investigating officers testified that in his judgment as an experienced police officer, an axe was used to get through the roof.
Captain Arlan Moulds, Head of the Detective Division of the Hattiesburg Police Department, said that he found a GI duffle bag containing an electric drill, screwdriver, prybars, tire tools, a hammer, punches, chisels and other tools about one hundred and fifty (150) feet from the building. No *413 fingerprints of any kind could be found on the axe or the other tools, all of which were admitted into evidence.
Appellant contends that the introduction of these items into evidence was reversible error.
There seems to be some disagreement between the courts as to whether or not burglary tools and physical evidence such as pistols, knives, and other deadly weapons may be introduced in evidence upon the trial of a defendant charged with crime unless it is shown that these articles were used in the commission of the alleged crime. It has been said that, as a general rule, burglary tools may be introduced and received in evidence only after proof is made connecting the tools with the accused or the crime. Adcock v. State, 444 P.2d 242 (Okl.Cr. 1968); State v. Richetti, 342 Mo. 1015, 119 S.W.2d 330 (1938); 22A C.J.S. Criminal Law § 712, p. 956 (1961).
Our Court has permitted the introduction of articles used in the commission of crime from our early history. Strickland v. State, 220 Miss. 71, 70 So.2d 1 (1954); Sims v. State, 209 Miss. 545, 47 So.2d 849 (1950); Davis v. State, 170 Miss. 78, 154 So. 304 (1934).
On the other hand, articles such as tools and weapons found near the place or scene of crime or near the place where the defendant was arrested, have been admitted in evidence. Pendergraft v. State, 213 So.2d 560 (Miss. 1968). This is true even where it is not claimed nor proved that they were used in the commission of the alleged crime in cases where the evidence has probative weight, or where they constitute a part of the surrounding scene or picture, or are a part of the circumstances of the arrest. Busbee v. State, 36 Ala. App. 701, 63 So.2d 290 (1953); 22A C.J.S. Criminal Law § 712, p. 966 (1961).
In an effort to determine the intent of the person charged with crime, it is permissible to show the surrounding circumstances and physical objects used or useful in the commission of a crime. Evidence as to the condition of the scene of the crime and objects found at the scene, if relevant, are admissible in evidence if not remote in time and place. 22A C.J.S. Criminal Law § 617, p. 433 (1961).
Professor Wigmore has this to say in his work on Evidence (3rd Ed.), § 149, p. 583 (1940):
"The presence upon the person or premises of articles, fragments, stains, tools, or any other resulting circumstance, is constantly employed as the basis of an inference that the person did an act with which these circumstances are associated. In general, however, few questions of relevancy arise. There are innumerable instances in the records of celebrated trials; but their relevancy is so patent that no occasion is given for rulings of law:
`Who finds the heifer dead and bleeding fresh,
And sees, fast by, a butcher with an axe,
But will suspect `twas he that made the slaughter?'
Shakespeare, Henry VI., Pt. II, III, 2."
In the case of People v. Hope, 62 Cal. 291 (1882), the Supreme Court of California discussed the question as to whether or not burglary tools, found under a trap door which had been sawed over the vault in a bank, and whether or not tools of a similar kind, found in a trunk in the room of the defendant, were admissible in evidence, over the objection that they were not shown to be connected with the defendant and that the tools found in his room were not connected with the burglary. The Court held that the fact that the defendant was found in the vicinity of the crime (he was captured in the house) was sufficient to permit the introduction of the tools found near the scene of the crime and similar tools found in defendant's room.
*414 We are of the opinion that it is within the sound discretion of the trial judge as to whether or not burglary tools found near the scene of a burglary are near enough in time and place to be of probative evidentiary value.
In the instant case we are of the opinion that the trial judge did not abuse his judicial discretion in permitting the introduction of the tools in this case. The judgment of the trial court is, therefore, affirmed.
Affirmed.
PATTERSON, SMITH, ROBERTSON, and SUGG, JJ., concur.