361 So.2d 345 (1978)
Roscoe Gene NEIGHBORS
v.
STATE of Mississippi.
No. 50197.
Supreme Court of Mississippi.
August 9, 1978.
Caldwell, Lee, Richardson & Vance, L. Joe Lee, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker Underwood, Special Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
SUGG, Justice, for the Court:
The defendant, Roscoe Gene Neighbors, was convicted of murder and sentenced to life imprisonment by the Circuit Court of the First Judicial District of Hinds County. The primary question for decision is whether the homicide constituted murder or manslaughter.
The indictment charging defendant with murder was drawn under the provisions of section 99-7-37 Mississippi Code Annotated (1972) which provides in part the following:
In an indictment for homicide it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused, but it shall be sufficient to charge in an indictment for murder, that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased.
*346 The indictment charged defendant with murder in the following language:
That Roscoe Gene Neighbors in said District, County and State on the 20th day of September, A.D., 1976 did then and there wilfully, unlawfully, feloniously and of his malice aforethought kill and murder Mary Anne Azevedo, ...
In Carroll v. State, 183 Miss. 1, 183 So. 703 (1938) we held that section 99-7-37 covers all homicides, both statutory and at common law, and under an indictment drawn in accordance with the statute any facts that evidence murder or manslaughter may be introduced. In Sessums v. State, 221 So.2d 368 (Miss. 1969) we held that an indictment for a homicide does not have to set forth the manner in which, or the means by which, the death of deceased was caused, but it is sufficient to charge murder in the language of the statute, whether it was a premeditated killing or a homicide resulting from the commission of the crime of arson. In Sessums we held that the state's instructions could properly set forth both theories of murder and reaffirmed the holding of Carroll, supra, that any facts which evidence murder or manslaughter may be introduced.
Mrs. Azevedo, the mother of four-year-old Mary Anne Azevedo, testified that she, defendant, and her children moved to Jackson from Bakersfield, California about three months before the fatal beating of Mary Anne. She testified that for the two weeks preceding the death of Mary Anne she had asked the defendant not to strike Mary Anne and that she was going to leave him if he did not stop hitting the child. She further testified that on the night of Mary Anne's death she was outside hanging clothes about 8:30 or 9:00 o'clock p.m. Mary Anne came out of the house crying and told her mother that "Daddy had kicked her in the stomach." The defendant came out of the house and shortly all three went back inside the house. She saw defendant double up his fist and shove Mary Anne because, "she had messed in her pants." Mrs. Azevedo went into the kitchen and when she returned to the bedroom about twenty minutes later she saw Mary Anne lying on the floor unconscious with the defendant bending over her. The child died two or three hours later.
An autopsy was performed by Dr. Forrest G. Bratley, a pathologist, who testified as follows:
There were numerous bruises of the body, face, chest, legs and arms. Some of them recent. By that, I mean within two or three days and others that were a week or so of age and this was on external examination.
In discussing the two most important considerations as to the cause of death, Dr. Bratley testified:
One is the hemorrhage into the cranial cavity, pressing on the brain. I might add that this hemorrhage is due to a blow on the head, either a person falling or a blow actually delivered to the head, which causes the brain to you might say shake or go from one side of the head cavity, cranial cavity to the other and causes rupture of small blood vessels, veins and arteries and this is the source of that hemorrhage.
.....
A. Well, there were bruises over, well, almost any part of the body, the buttock and the back and the chest and the head, arms and legs.
Q. Did you find a very recent hemorrhage other than in the head or cranial area?
A. Well, the recent hemorrhage is the one inside the abdominal cavity, on the surface of the intestine and in the mesentery, this membrane which carries the blood vessels to and from the back part of the abdominal cavity to the intestines. This was a recent hemorrhage and would have to be due to a good, heavy blow to the abdomen.
.....
Q. All right. So then in your opinion, you found a recent blow to the stomach, found a recent blow to the right side of the head and numerous other older bruises or blows, is that correct?

*347 A. That's correct.
.....
A. I can state that the death is due to either a combination of or to either one of two things. One is the hemorrhage in the cranial cavity pressing on the brain, which would cause pressure on the vital centers and cause death or it could be from the aspiration of the gastric content into the air passageways and thereby obstructing the flow of air into the lungs. It could be that either one of those were sufficient, in my findings, to cause death, and the combination of them could very readily be the cause of death, but the  the chain of events is the hemorrhage into the cranial cavity, which in turn produced nausea and vomiting.
Q. In either event, it would be from external blows, is that correct?
A. External blows, yes, sir.
The question for decision is whether the evidence is sufficient to support the verdict finding defendant guilty of murder. Section 97-3-19 Mississippi Code Annotated (Supp. 1977) provides in part the following:
(1) The killing of a human being, without the authority of law, by any means or in any manner, shall be murder in the following cases:
.....
(b) When done in the commission of an act eminently dangerous to others, and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual.
We hold that the proof was sufficient to support a conviction of murder under subsection (b) of section 97-3-19. The defendant, who is an adult, kicked the defenseless four-year-old child in the stomach hard enough to cause hemorrhages inside her abdominal cavity, on the surface of the intestine, and in the mesentery, and in addition, delivered a blow to her head hard enough to jostle her brain and cause a massive hemorrhage inside her cranial cavity. The defendant was guilty of murder because he killed the child by striking her, and this was "done in the commission of an act eminently dangerous to others, and evincing a depraved heart, regardless of human life ..."
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.