362 So.2d 204 (1978)
Frank PRICE, III
v.
STATE of Mississippi.
No. 50624.
Supreme Court of Mississippi.
August 23, 1978.
J.W. Kellum, Sumner, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Spec. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, WALKER and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
Frank Price, III, appeals a conviction of capital murder pursuant to a bifurcated trial and jury sentence to life imprisonment by the Circuit Court of Coahoma County. The sole issue is whether a peremptory instruction requested by the defendant was properly refused.
At approximately 9:30 p.m. on March 3, 1975, appellant and another black male identified as Andrew Lee Henderson, entered the lobby of the Southern Inn Motel in Clarksdale. The desk clerk, Mrs. Marie Furniss, testified that appellant requested a room and began to scribble something on a registration card. Mrs. Grace Green, the 63-year-old manager of the motel, was seated at the corner of the desk. Appellant threw a $20 bill on the counter and while Mrs. Furniss was getting change, Mrs. Green suddenly exclaimed, "Oh, look out, Mrs. Furniss." Mrs. Furniss then observed the appellant pointing a pistol at her. He grasped Mrs. Furniss' left wrist, jerked her across the counter and struck her with the weapon. Dazed by the blow, Mrs. Furniss dropped behind the counter while appellant continued to clutch her by the arm. She was released after the appellant grabbed the money from the cash drawer.
*205 Mrs. Furniss testified she remained behind the counter, hoping to escape and summon Mr. Green, who had retired for the evening. Immediately thereafter she heard a shot and Mrs. Green began screaming. Another shot was fired and the men left. Mrs. Furniss called Mr. Green who came to aid his wife and who then called the police. Mrs. Green expired from a bullet wound a short time later.
The perpetrators of the crime wore no masks, and Mrs. Furniss positively identified the appellant as the individual signing the registration card. However, she was unable to say who fired the fatal shot. It was determined that the sum of $150 had been taken.
The pathologist who performed the autopsy testified that Mrs. Green suffered several lacerations to the head as well as a gunshot wound which caused her death. A Federal Bureau of Investigation fingerprint specialist testified that the appellant's fingerprints matched those on the registration card signed at the motel.
Appellant's signed statement to a police officer was admitted into evidence without objection. He claimed he had driven Andrew Henderson and Bay Jerry Williams to the motel and remained in the automobile while they entered the premises. According to him, when he heard a shot, he entered the building and observed a lady on the floor. He stated that Henderson had shot her.
At trial defense counsel moved for a directed verdict at the conclusion of the state's evidence and presented no evidence on its own behalf. The jury found appellant guilty of murder and at the second phase of the trial sentenced him to life imprisonment. At the sentencing determination, evidence was presented that appellant had been convicted of an armed robbery which occurred on March 12, 1975.
Appellant argues that the trial court improperly refused his motion for a peremptory instruction, but fails to assert in what regard the state's proof was deficient. Of course, peremptory instructions are properly refused if there is sufficient evidence to support the verdict. Daniels v. State, 312 So.2d 706 (Miss. 1975).
It is also familiar law that when two or more persons act in concert, with a common design, in committing a crime of violence upon others, and a homicide committed by one of them is incident to the execution of the common design, both are criminally liable for the homicide. McNeer v. State, 228 Miss. 308, 87 So.2d 568 (1956). The fact that the accused did not fire the fatal shot does not relieve him from criminal responsibility for the death of Mrs. Green who was slain by the accused's confederate in carrying out the common design to rob. Carrol v. State, 183 Miss. 1, 183 So. 703 (1938).
The evidence is overwhelming that Mrs. Green was killed in the commission of a crime of robbery in which Price was an active participant. Therefore, the conviction and sentence are affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.